EASTERN DIS.
*July*, 1832.

KERS ET AL.
*vs.*
ERWIN.

while it was in force, although no proceedings were had until after the promulgation of the new code which repealed the provisions of the old.

</div>

---

## KERS ET AL. *vs.* ERWIN.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The article 3444 of the Civil Code, does not point out any cause by which prescription is interrupted, but establishes two distinct periods or terms which shall affect persons in different situations, in relation to rights of property.

Where a debt is contracted out of the state, if after prescription begins to run, the creditor has an opportunity of prosecuting his suit, from the circumstance of his debtor passing every winter in New-Orleans, and he neglected to do so, the claim is barred.

HARVARD LAW SCHOOL LIBRARY

This was a suit on a bill of exchange, drawn by Thorn on Erwin & Co., merchants, at Savannah, in Georgia, of which the defendant was a partner, and by them accepted. The bill was dated sixth February, 1818, and made payable to the plaintiffs, or order, sixty days after date. The defence set up was prescription; in support of which it appeared, that from

the time prescription began to run against the claim, the defendant had passed every winter in New-Orleans, where he had property, and was engaged in the business of selling slaves. The court *a qua* was of opinion that the claim was barred and judgement being rendered to that effect, the plaintiffs appealed.

MATHEWS, J., delivered the opinion of the court.

This suit is brought against the defendant, as acceptor of a bill of exchange, dated in Savannah, in the state of Georgia, in the month of February, 1818, and payable sixty days after date. The answer to the petition contains several matters pleaded in defence, and amongst others, prescription.

Judgement was rendered in the court below for the defendant, from which the plaintiffs appealed

Being of opinion that the defendant must prevail on his plea of prescription, we deem it useless to examine any other part of his defence.

Five years had elapsed after the promulgation of the Louisiana Code, and before the institution of the present action. By the article 3505, of this code, the prescription of five years is established against actions brought on bills of exchange, &c. According to the provisions of this article, the defendant is clearly released from the payment of the debt now claimed from him, unless there be something in the circumstances of the case which excuses the plaintiffs for not pursuing him sooner. The prescription which would otherwise bar their claim must be shown to have been interrupted. The interruption relied on by their counsel seems to be that which is based on the maxim *contra non valentem agere non currit prescriptio*. To support this interruption, the benefit of which is claimed, reliance is had on the articles 3444 and 3516 of the Code. The first relates to the acquisition of property in slaves, and makes a distinction between parties residing in the state, and those residing out of it; the time being double required to prescribe against the rights of the

latter. The article 3816 provides, that the prescription releasing debts is interrupted by all such causes as interrupt the prescription by which property is acquired. Now it seems to us, that the article 3444 does not point out any cause by which prescription is interrupted, but establishes two distinct terms or periods of time which shall affect persons in different situations in relation to rights of property. The decision of the present case does not require from the court any opinion as to what would be the effect produced on the situation of the debtor, who had contracted a debt in this state, to one of its citizens, and immediately removes out of its jurisdictional limits, and remains five years where legal process of the state could not reach him, in relation to his discharge from the debt under a plea of prescription.

The evidence of the case shows, that the whole of no one year, since prescription began to run against the claim of the plaintiffs, has passed without an opportunity being afforded to them to prosecute a suit against the defendant, in consequence of his being every winter, since 1825, in New-Orleans. They are not entitled to the benefit of the interruption relied on.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.

*Pierce*, for appellants. *McCaleb*, for appellee.

EASTERN DIS.
July, 1832.

KERS ET AL.
*vs.*
ERWIN.

The article 3444 of the Civil Code does not point out any cause by which prescription is interrupted, but establishes two distinct periods or terms which shall affect persons in different situations, in relation to rights of property.

Where a debt is contracted out of the state, if after prescription begins to run, the creditor has an opportunity of prosecuting his suit, from the circumstance of his debtor passing every winter in New-Orleans, and he neglected to do so, the claim is barred