THE STATE V. THE JUDGE OF THE DISTRICT COURT OF THE
FOURTH DISTRICT.

A writ of prohibition will not be made perpetual, until the judge of the inferior court
has had an opportunity of filing an answer.   C. P. 849, 850, 851.

APPLICATION for a writ of prohibition to the Judge of the
Fourth Judicial District, and to the plaintiff in an action in
which John Nolan is plaintiff, and the appellant, Pierre Paul Ba-
bin, defendant.

SIMON, J.   This is an application by Pierre Paul Babin, for a
writ of prohibition to be issued against the Judge of the Fourth
Judicial District, and John Nolan.   The petition, which is re-
gularly sworn to, shows, that in pursuance of the judgment of
the Probate Court of the parish of West Baton Rouge, con-
firmed on appeal by this court, in the case of *P. P. Babin* v.
*John Nolan,* ordering and decreeing a partition to be made of
all the property, &c., held in community between said John
Nolan and the applicant, as heir of said Nolan's deceased wife,
the notary appointed to make the said partition, proceeded to
execute the judgment of partition in the manner set forth in the
report of his proceedings, a copy of which was filed in the Pro-
bate Court for homologation ; that Nolan filed an opposition
thereto, which was overruled ; and *that the act or report of parti-
tion was homologated by a judgment of the said court, according to
law.*   The petitioner further states that, after said act of parti-
tion was homologated and confirmed by the Probate Court, he
took out a writ of possession for the slaves named and describ-
ed in the writ, and which were drawn by him as being lot No.
1, set apart and decreed to be his property, but that the defen-
dant, Nolan, refused to deliver them to the sheriff, and applied
to the Judge of the Fourth District, who granted an injunction
upon the applicant and the sheriff, *enjoining the execution of
said writ of possession.*

The petitioner further represents that, in granting said in-
junction, the District Judge *has exceeded his jurisdiction as such ;*

that the suit of *P. P. Babin* v. *Nolan* having been brought, conducted, and finally settled in the Probate Court, *vested the exclusive jurisdiction in said court*, and, consequently, for all matters in contest in that suit, divested the District Court of its concurrent jurisdiction. That the District Court has no authority or control over an execution issuing from the Probate Court, because "the execution of judgments belongs to the courts by which the causes have been tried in the first instance, whether such judgments were affirmed, or reversed on appeal;" and that consequently, the same court which rendered the judgment must enjoin its execution.

The applicant prays that a writ of prohibition may be issued, directed to the District Judge and to the party who obtained the injunction; and that a *mandamus* may be also issued, directed to the sheriff of West Baton Rouge, to execute the writ of possession, and to put the applicant in possession of the slaves, &c.

Notice of this application was given to the Judge of the Fourth District, and to John Nolan; and the latter appeared by counsel before this court, to contest the right of the applicant to the relief by him prayed for in his petition. The judge, however, filed no answer; and no notice was given to the sheriff of the application for a mandamus.

Under articles 849, 850, and 851 of the Code of Practice, which provide: 1st, *that if the court shall think that the matters stated in the petition, are sufficient, it shall issue an order forbidding the judge to take cognizance of the cause, and forbidding the plaintiff to prosecute it further;*—2d, *that when, on the receipt of this order, the inferior judge acknowledges that he has no jurisdiction, he shall abstain from all further acts in the case;*—and 3d, *but if he believes himself competent, he may give a written answer to the order, after which the court issuing it shall pronounce, finally and summarily, on the right of jurisdiction*, &c., it seems that this case is not in such a state as to be acted upon definitively by this court; and that no final writ of prohibition can issue, without giving to the District Judge an opportunity of filing his answer, showing cause why said writ should not be made perpetual.

In this state of the case, the only opinion which we consider ourselves authorized to express, is, that we think that the matters stated in the applicant's petition are sufficient; and we shall abstain from giving, at present, the reasons upon which our opinion is founded, until after we receive from the District Judge the answer which he is entitled to make, showing the grounds upon which he considered himself competent to grant the injunction complained of. Those grounds, if filed, shall be carefully and maturely weighed and examined by us, unless, according to article 850, our learned brother of the Fourth District, acknowledges that he has no jurisdiction of the matter: which acknowledgment will put an end to the present controversy.

It is, therefore, ordered and decreed, that an order do issue forthwith, forbidding, provisionally, the Judge of the Fourth Judicial District for the parish of West Baton Rouge, to take any further cognizance of the injunction suit, in which John Nolan is plaintiff, and Pierre Paul Babin and the sheriff of West Baton Rouge are defendants, numbered 759 on the docket of the said District Court; and forbidding John Nolan, plaintiff in said suit, to prosecute it further. And it is further ordered, that the said District Judge show cause, on Monday, the 10th of February next, by his written answer, why the writ of prohibition, hereby ordered to issue, should not be made perpetual.

*W. B. Robertson*, for the applicant.

*Lobdell* and *Labauve*, contrâ.