Simon, J.
This suit was commenced by injunction for the purpose of arresting the action of the Sheriff, on a writ of possession which had been issued from the Court of Probates of the parish of West Baton Rouge, in consequence of a judgment said to have been rendered by the said court, homologating a certain act of partition, and overruling the plaintiff’s objections thereto. The grounds upon which the injunction was obtained, and which were sworn to by the plaintiff at the foot of bis petition, as being true and correct, amount to an absolute denial that any judgment overruling his opposition to the partition and homologating the same, had ever been rendered and read in open court by the Judge of Probates ; and are based upon the positive allegations that there was not, and could not be, any judgment executory homologating said partition, and referred to in the writ of possession, and decreeing the slaves therein named to be the defendant’s property, &c.; and that he had notified the Sheriff of the non-existence of any such executory judgment, fyc.
The defendant having thought proper to join issue upon the allegations of the petition, and mainly upon the fact of the existence or non-existence of the judgment upon which the writ of possession was issued, subsequently applied to us for'a writ of prohibition against the Judge, a quo,and to the party who had *532 obtained the injunction, and for a writ of mandamus to be directed to the Sheriff, ordering him to carry the writ of possession into effect, and to put the applicant into possession of the slaves; on the groitnds that said Judge had exceeded his jurisdiction in granting the injunction, that such jurisdiction was exclusively vested in the Probate Court, by which the judgment had been rendered and the writ issued, and that, consequently, for all the matters in contest in the original suit, the District Court was divested of its concurrent jurisdiction, &c. We n-ecognized the legal principles upon which the application for a writ of prohibition was founded, but we discharged the rule, as it did not appear that the party had applied in vain, to the inferior tribunal for relief; and as we were of opinion, that under the issues presented in that case, the jurisdiction of the-District Court depended upon the existence or non-existence of the judgment alluded to in the applicant’s position. See 9 Rob. 480, and 10 lb. 169, which contain a fall exposition of the pleadings, and of the respective positions of the parties on the subject in controversy.
This case was subsequently tried in the court, a qua, where the judgment upon which the writ of possession had been issued was produced, as also the minutes of the court previous to, and after rendering the same; when the District Judge, being of opinion that the injunction had been wrongfully obtained, on the unfounded assumption that there was no judgment, and that the Sheriff and the plaintiff’s adversary were trespassers, dissolved the same; and from this judgment, (the question of damages being reserved by the parties for further adjustment,) the plaintiff has appealed.
The record contains satisfactory evidence, that the writ of possession complained of was issued by virtue, and in consequence of a judgment regularly and contradictorily rendered between the parties, by the Probate Court; nay, the minutes of said court show that, on the 21st of September, 1844, the trial of the appellant’s opposition to the homologation of the partition was postponed until the 26th ; that, on the latter day, after hearing the arguments of the then plaintiff’s counsel on the defendant’s objections, the latter’s opposition was overruled, in toto ; that, on said ¡day, said defendant offered in evidence, divers documents in sup *533 port of his objections ; that the partition was homologated ; and that, on the same day, the coart delivered its judgment, in extenso, pointing out and detailing the propertjr decreed to belong to the plaintiff Babin, and ordering that he be put in possession thereof, according to law.
But the record further shows, that on the trial of this cause in the lower court, the plaintiff offered divers witnesses to establish the allegations in his petition, that no judgment as averred by him ever was rendered or read in open court; and also to establish the fact, that the Probate Court had adjourned on the day alleged, without rendering any judgment on which the writ of possession was issued. The testimony was rejected by the court, a qua, and the appellant took a bill of exceptions.
We think the Judge, a quo, did not err. There is no principle better settled in the law of evidence, than that parol testimo-^ ny cannot be admitted to contradict the records of a court of justice. Courts of record, says Starkie, part 4, p. 1043, speak by means of their records only ; and even where the transactions of courts, which are not, technically speaking, of record, are to be proved, if such courts preserve written memorials of their proceedings, those memorials ar ethe only authentic means of proof which the law recognizes. This is a safe rule which cannot be violated, and which this court had occasion to sanction in the case of Williams v. Hooper, 4 Mart. N. S. 176.
It is clear, that the injunction sued out in this ease was wrongfully obtained ; that the allegations on which it was applied for were unfounded ; that, at the time the writ of possession was issued, there was a judgment entered, which, contrary to the sworn allegations of the plaintiff, had been finally and regularly rendered ; that the sole object of the plaintiff, in suing out an injunction from the District Court, was perhaps to arrest the regular course of justice, by suspending the action of a public officer, acting under a writ duly issued from a court of competent jurisdiction ; that the District Judge, had he been made aware of the existence of the judgment of the Probate Court, would have refused to grant the writ of injunction; that he was induced to grant it, from the positive allegations of the plaintiff, that no judgment whatever existed, or had been rendered; and that the valid *534 ity or nullity of a judgment of the Court of Probates, cannot be inquired into in the District Court, or such judgment arrested in its effect, by a writ of injunction issued from another tribunal foreign to its jurisdiction.
Lobdell, Brunot and Labauve, for the appellant.
Robertson, for the defendants.
The judgment appealed from must, therefore, be affirmed ; but as under our laws, the party, at whose request an injunction has been wrongfully sued out, is bound to undergo all the consequences of his illegal act, when injurious to the rights of his adversary, we think justice requires that this case should be remanded to the lower court, for the purpose only of trying and adjusting the question of damages reserved by the parties, as resulting from the injunction bond furnished by the plaintiff and appellant.
It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed with costs ; and it is further ordered and decreed, that this case be remanded to the court, a qua, for the purpose only of trying the question of damages reserved by the parties.