J. COCHRANE, et. al. *v.* C. A. MILLER, Administrator.

A judgment by default creates a tacit joinder of issue and no dilatory exception can be pleaded after it.

A special denial is necessary to put a party upon proof of the representative capacity in which he sues.

APPEAL from the District Court of the Parish of Tensas, *Snyder,* J.
*Farrar,* for plaintiff and appellant. *Stacy & Sparrow,* for defendant.

OGDEN, J. The defendant was sued as security in a tutor's bond. He suffered a judgment by default to be taken against him, which was subsequently confirmed on proof of the plaintiff's demand, without any appearance on the part of the defendant, who now prosecutes his appeal therefrom.

The suit was brought in the names of *Joshua, Leah* and *Harriet Cochrane,* as the only surviving children and heirs of *Edward Cochrane,* deceased. The principal in the bond, *Andrew D. Bonqua,* had been appointed tutor not only to the plaintiffs, but to two of their sisters, named *Margaret* and *Nancy,* and to a brother named *John.* The petition alleges that *Margaret, Nancy* and *John* died without issue, and that the plaintiffs are their sole heirs.

The appellant asks a reversal of the judgment on several grounds:

1st. That there is no proof in the record that the plaintiff *Harriet,* who sued as a married woman, had been authorized by her husband or by the court to bring this suit.

2nd. That there is no proof to establish the death of the two sisters, *Margaret* and *Nancy.*

3d. That the death of the mother of the plaintiffs, between whom and their father there must have been a community of goods, was not proved, and that by law she is presumed to be still alive and to be entitled to one-half the property which was administered by the tutor.

4th. That no steps had been taken to enforce payment against the principal, which, by the Act of the Legislature of 1842, is made a prerequisite to any action against the surety.

The effect of the judgment by default is to create a tacit joinder of issue, and the reason given for it in Art. 360 of the Code of Practice is, that the defendant is presumed by his silence to have confessed the justice of his adversary's demand. Although it is, notwithstanding such presumption, made necessary for the plaintiff to proceed with his proofs, in order to have the judgment confirmed, the defendant cannot be permitted to take advantage of any matters of exception or defence which he would have been bound to plead specially, if he had thought proper to make an appearance in the cause.

No dilatory exceptions can be pleaded after a judgment by default is rendered, and a special denial is necessary to put a party upon proof of the representative capacity in which he sues. It follows that the defendant cannot have the benefit of such pleas, when no appearance has been made for him in the court below. Art. C. P. 320, 321. *Reynolds* v. *Reynolds,* 12 L. R. 618. *Lopez, et al.* v. *Berghel,* 7 L. R. 181.

The tutor took possession of all the property as belonging to the succession of the father of the plaintiffs and the defendant, without a special plea to that effect, and proof to support it, cannot now contend that a part of it belonged

to the mother, and that she is still alive. The defence set up that no steps had been taken as required by the Act of the Legislature of 1842, to enforce payment against the principal, ought also to have been specially pleaded.

The Judgment was rendered in favor of *Joshua*, *Leah* and *Margaret Cochrane*. The name of *Margaret*, who is dead, was erroneously inserted in the judgment for that of *Harriet*, one of the plaintiffs. The appellee's counsel has asked for an amendment of the judgment to correct that error, but it is not one of those cases in which the appellee has a right to an amendment of the judgment at the costs of the appellant.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be amended by inserting the name of the plaintiff, *Harriet Cochrane*, in the place of that of *Margaret*, and thus amended the judgment be affirmed, and that the costs of the appeal be paid by the plaintiffs and appellees.