## SARAH CRESWELL *v.* MRS. TABARY AND HUSBAND.

Article 2512 of the Civil Code, must be construed in connection with the Articles 3516, 3484 and the term of limitation imposed by it, upon actions of this class, may therefore be interrupted by a judicial demand.

The vendor's obligation of warranty as to the quality of the thing sold is a *debt*, in the sense of that term, as used in the English text of Article 3516 of the Code.

APPEAL from the Second District Court of New Orleans, *Lea*, J.
*J. Ad. Rozier*, for plaintiff. *Dufour*, for defendant and appellant.

SPOFFORD, J. On the 6th of March, 1851, the defendant Mrs. *Tabary*, sold to *Elihu Creswell*, (of whom the plaintiff is the universal legatee) the slave *Clarissa* and her two children, with the usual warranties, for the sum of $500.

On the 17th of the same month, *Creswell* sold the same slaves to one *Coulter*, for the sum of $600.

On the 28th of the same month, *Clarissa* died of a disease of the heart, called *angina pectoris*.

In the following May, *Coulter* brought a redhibitory action against *Creswell*, claiming the sum of $440, that being, as he averred, the amount of the relative value of *Clarissa* and of the damages he had suffered by reason of the vice with which she was affected.

Pending the suit, *Elihu Creswell* died, and the present plaintiff became a party defendant in his stead, and in December, 1851, had the present defendants cited in warranty.

That suit, which was tried by a jury, resulted in a verdict and judgment against *Sarah Creswell*, for $440, the amount claimed, and in favor of the present defendant, the warrantor therein. The judgment in favor of the warrantor was owing to the fact that some of the evidence produced by the plaintiff *Coulter* was ruled out, as to the warrantor, on her objection that it was not taken contradictorily with her, the commissions having been executed before she was made a party.

Mrs. *Creswell* appealed to the Supreme Court, where, at the June term, 1852, there was a final decree in these words: "The judgment of the District Court is affirmed with costs, without prejudice to the defendant's right of action against the warrantor." *Coulter* v. *Creswell*, 7 An 367.

It is admitted that this judgment was satisfied by Mrs. *Creswell*.

In August, 1852, the present action was instituted by Mrs. *Creswell* against Mrs. *Tabary*, the warrantor, for the price of *Clarissa*, and damages incurred in consequence of the former suit.

The plaintiff was met by a plea of *res judicata*; but the decree of our pre-decessors was framed expressly to prevent the interposition of such a plea, and it cannot be listened to.

The defendant pleaded the prescription of one year; but she was cited in warranty to answer the. same demand that is here set up, within nine months after she made the sale, and prescription could not run whilst that cause was pending, so that this suit was seasonably brought.

" La demande en justice a pour effet non pas seulement d'effacer la prescrip-tion qui a couru jusqu'à elle, mais aussi d'empêcher aucune prescription nouvelle de courir tant que durera l'instance." Marcadé, De la Prescription, p. 120.

The Article 2512 of the Civil Code, must be construed in connection with the Articles 3516 and 3484, and the term of limitation imposed by it upon actions of this class, may therefore, be interrupted by a judicial demand. The prescription invoked by the defendant is a prescription *à l'effet de libérer* (liberandi causâ) which is somewhat narrowly translated *prescription releasing debts*. The vendor's obligation of warranty as to the quality of the thing sold is a *debt*, in the sense of that term as used in the English text of Article 3516 of the Code.

The defendant has gone fully into the merits of the former litigation relative to the redhibitory malady of the slave *Clarissa*.

We concur with the District Judge in the opinion that a case of redhibition has been made out with reasonable certainty.

Nearly all the evidence adduced on the former trial has been retaken, and something has been added.

The only difference between the issue involved here, and that involved in the former action, is, that we have to inquire whether the woman was incurably affec-ted with the malady of which she died, eleven days earlier than was established to the satisfaction of the court in the former suit: for she was owned by *Cres-well* only eleven days.

The preponderance of evidence is in favor of the plaintiff upon this point. We refer to the reasons given by our predecessors in the case of *Coulter* v. *Creswell*, in 7 An. 367. This view is strengthened by the evidence of another physician who was not examined on the former trial.

The plaintiff has joined in the appeal, and prayed an amendment of the judg-ment allowing her the costs of the former action and her counsel fees.

But she was, in effect, non-suited as to her demand against the warrantor by the judgment of the Supreme Court in that suit. We are not referred to any law authorizing us to throw the costs, in such a case, upon the defendant.

The seller who knew not the vices of the thing, is only bound to restore the price, and to reimburse the expenses occasioned by the sale, as well as those in-curred for the preservation of the thing, unless the fruits which the purchaser has drawn from it be sufficient to satisfy those expenses. C. C. 2509.

There is no evidence to show that Mrs. *Tabary* was aware of the malady of the slave.

The District Judge seems to have done justice in fixing the plaintiff's indem-nity at the sum of $300, with interest, from judicial demand.

The judgment, is, therefore, affirmed with costs.