Margin note: Moussier *v.* Zuntz.

James Saunders *v.* J. W. Carroll et al.

A defendant pleading prescription may be interrogated, as to any acknowledgments or promises he may have made, before prescription has been acquired.

The Act of 1858, which provides that parol evidence shall not be admitted to prove a promise to pay any written obligation when prescription has already run, but that in all such cases the promise to pay shall be proven by written evidence, is an Act affecting the remedy, and must be held to apply only to the proof of promises made subsequent to its passage.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J. *Simmonds & Fenner*, for plaintiff. *Singleton & Clark*, for defendants and appellants.

Merrick, C. J. This suit is brought against two members of the firm of *Buchanan, Carroll & Co.* upon a draft accepted by them. The draft was drawn on the 1st of March, 1850, on the acceptors, at eight months, and payable to the order of the plaintiff for $2006 29. It was not presented to the acceptors for

payment until more than five years after its maturity. The suit was commenced on the 22d day of May, 1857.

The defence is the plea of prescription. To show interruption of prescription, the plaintiff, among other things, propounds interrogatories on facts and articles which have been taken as confessed.

The defendants excepted to the interrogatories, and declined answering them until their exceptions were overruled.

Certain of the interrogatories inquire of the defendants whether at certain times therein mentioned, (the same being before the expiration of five years,) they did not state to the individuals named, that said debt was then due and unpaid ?

This portion of the interrogatories is not satisfactorily answered, and the question is presented, whether the court could compel the defendants to answer the interrogatories ? This point was decided in the case of *Levistones* v. *Marigny*, 13 An., in the affirmative, and we see no reason to doubt the correctness of the conclusions in that case.

It is true that the debtor, in order to interrupt prescription, cannot be called upon to swear whether the debt has or has not been paid, because good faith is not required in order to prescribe. Art. 3515 C. C. But the Code does not prohibit the plaintiff from proving, by propounding interrogatories to his adversary, any other fact needed to make out the case.

The Code declares that an acknowledgment of the debt by the debtor interrupts prescription. C. C. 3486, 3516, 3517. What good reason can be assigned why the fact of acknowledgment may not be proven by the highest sort of evidence, viz : the admission of the debtor on interrogatories on facts and articles ? The question is not then, has the debt been paid, which is prohibited, but, did you at such a time and to such a person admit that you owed the debt? did you at such a time promise to pay the debt ? or, did you at such a time make a payment of so much upon the debt ? or the like. Here the interrogatory goes to a fact which hitherto at least might also be proven by testimonial proof, and does in no manner raise the question of the good or bad faith of the debtor. If the question is, did you promise to pay? the affirmative answer establishes a new contract : the pact *constitum pecuniæ.* If a partial payment, then a tacit acknowledgment which leaves the residue of the debt free from any question of honesty or of the good or bad faith of the debtor in pleading prescription, and his plea is not to be tainted by the imputation that it is opposed to a demand valid in the estimation of all honorable men. If prescription has been acquired, it is for the debtor alone to determine whether it is right or wrong to avail himself of the shield furnished him by the law. But the creditor has the right to prove any fact which shows that the debtor has in truth never acquired prescription, and this may be done by propounding interrogatories as well as by testimonial or written proof.

We think, therefore, that the plaintiff had the right to propound the interrogatories, and in default of a legal answer, to take the same as confessed.

But it is urged that the Act of 1858, which provides, that hereafter parol evidence shall not be received to prove any promise to pay any written obligation when prescription has already run, but that in all such cases the promise to pay shall be proven by written evidence, is an act affecting the remedy, and, therefore, applicable to the case before us. Acts of 1858 p. 148, sec. 4. This section of the Act, if at all applicable to a case of this kind, we are of the opinion, must be held to apply to the proof of promises made after its passage. To construe it as referring to antecedent promises would be to violate the well settled rules of con-

struction, as well as to impair the obligation of contracts. *Leges et constitutiones futuris certum est dare formam negotiis, non ad facta præterita revocari, nisi nominatim et de præterito tempore ct adhuc pendentibus negotiis cautum sit.* Code, lib. I, tit. 14, Const. 7.

No general or special legislative Act can be so construed as to avoid or modify a legal contract previously made. C. C. Art. 1940, No. 1 ; C. C. 8 ; Mackeldy, parte spéciale, sec. 467.

Taking the interrogatories as confessed, and in connection with the same, the letter of October 10th, 1856, it leaves the defendants without any further reply to plaintiff's demand.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.