HENRY SHELDON & Co. *v.* J. H. REYNOLDS.

Where there has not been an active abandonment of a suit by the plaintiffs, prescription is interrupted, notwithstanding there be a judgment of nonsuit.

The stipulation by a surety on a promissory note, that the holder shall exhaust all the legal remedies against the drawer of the note, before having recourse upon such surety, amounts to a simple reser-vation of the right of discussion, and has no other effect. So that where it is shown that the drawer is and has been for a considerable time insolvent; that he has left the State without leaving any property, and that it is impossible, from the circumstances of the case, that the plaintiffs could make anything by proceeding against such drawer, an action by the holder against the surety will lie immediately.

APPEAL from the District Court of the Parish of Caddo, *Creswell,* J. G. A. & F. P. *Austin,* for plaintiffs. *A. B. Levisee,* for defendant.

VOORHIES, J. The plaintiffs' demand is based upon the following instruments, to wit:

"$288 67.                                    SHREVEPORT, May 26, 1852.

"Twelve months after date, I promise to pay to the order of *S. A. Robeson,* two hundred and eighty-eight dollars and sixty-seven cents, value received. Interest eight per cent after maturity.

(Signed)                                    "J. H. WHITE.

(Endorsed)  "S. A. ROBESON, per JONAS ROBESON, Agent.

(Endorsed)  "I do hereby guarantee payment of the within amount after the legal remedies against the drawer shall have been exhausted.

(Signed)                                    "J. H. REYNOLDS."

"$288 67.                                    SHREVEPORT, May 26, 1852.

"Nine months after date, I promise to pay to the order of *S. A. Robeson,* two hundred and eighty-eight dollars and sixty-seven cents, value received. Interest eight per cent. after maturity.

(Signed)                                    "J. H. WHITE.

(Endorsed)  "S. A. ROBESON, per JONAS ROBESON, Agent.

(Endorsed)  "I hereby guarantee payment of the within amount, after the legal remedies against the drawer shall have been exhausted.

(Signed)                                    "J. H. REYNOLDS."

The defence is a failure to exhaust legal remedies against the principal debtor, want of consideration, and prescription.

As five years had not intervened between the dates of the institution of this suit and of the falling due of the second note, the plea of prescription was not maintainable. C. C. 3505.

As to the other note, prescription was interrupted by the institution of the first suit, in which, however, the plaintiffs were nonsuited. C. C. 3484, 3485.

There was not an active abandonment of the suit by the plaintiffs; consequently prescription was interrupted, notwithstanding the judgment of nonsuit. *Norwood* v. *Duval,* 7 An. 523.

It is contended, that the promissory note was executed without consideration; the note itself purports to have been made for value received. It is no objection that the defendant, when binding himself as the drawer's surety, should have participated in the consideration of the note. "Suretyship is an accessory promise

693

by which a person binds himself for another already bound, and agrees with the    SHELDON
creditor to satisfy the obligation, if the debtor does not." C. C. 3004.            v.
                                                                                   REYNOLDS.

It is, therefore, no objection that the promissory note under consideration was executed some time previous to the assumption of the defendant. In fact, suretyship is a species of unilateral contract, as the person who binds himself by such an agreement, does so without any corresponding obligation on the part of the creditor. C. C. 1758, 1766.

The stipulation that the plaintiffs should exhaust the legal remedies against the drawer of the note, before having recourse upon the defendant, amounts to a reservation of the right of discussion; it has no other effect. Now, it is shown that the drawer is, and has been for a considerable time, an insolvent; that he has left the State without leaving any property; and that it is impossible, from the circumstances of the case, that the plaintiffs should make any thing by proceeding against this party. The court would then be requiring of plaintiffs a vain thing, by dismissing their action as premature.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; and that the plaintiffs do recover judgment against the defendant, for the sum of two hundred and eighty-eight dollars and sixty-seven cents, with eight per cent. per annum interest thereon, from the first day of June, A. D. eighteen hundred and fifty-three, and the further sum of two hundred and eighty-eight dollars and sixty-seven cents, with like date of interest from the first day of March, A. D. eighteen hundred and fifty-three; the defendant and appellee paying the costs in both courts.

LAND, J., recused himself, having been of counsel.