### SUCCESSION OF CHARLES FERGUSON—OPPOSITION OF A. CHIAPELLA.

Where, after five years had elapsed from the maturity of notes, a party makes provision for their payment in an act of sale, it is a tacit renunciation of prescription. He acknowledges their binding effect on providing for their payment.

In an act of sale, a stipulation for another gives him, as to the sum due to him, all the rights and privileges which the vendor himself could exercise on the property sold.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *S. Magne for opponent and appellant.*—1. Obligations are extinguished by payment, novation, prescription, etc. C. C. 2126. A mortgage is accessory to a principal obligation. C. C. 3252. Hence, it follows that, when the obligation is extinguished by prescription, the mortgage is gone. 3253, 3374, Nos. 4 and 6, 1 Hen. Dig. (new ed.) p. 959; No. 1 and p. 960, No. 17; *LeBeau* v. *Gage*, 8 An. 474. And the creditors may claim the benefit of the prescription, although it was waived by the mortgagor. C. C. 3429. *Larthet* v. *Hogan et al.* 1 An. p. 330. *Blanchard* v. *Decuir*, 8 An. 504. 3 La. 201. *Succession of McGill*, 6 An. 345. *Girod* v. *His Creditors*, 2 An. 546. 2 Hen. Dig. (new ed.) p. 1233, Nos. 2, 3, 4 and 9. 1 Troplong, p. 115 et seq., No. 100. Marcade on Arts. 2225 N. C.

2. Such being the law, let us now proceed to apply it to the facts of this case. The notes, of which H. G. Ferguson is holder, were barred by prescription, one on the 1st September, 1848, and the other on the 1st September, 1849. From that day the mortgage was extinct, so far as we, mortgage creditor, are concerned. It is contended in the original brief

that, by the act of 1855, the deceased merely put himself in the place and stead of the original debtor of these notes ; and we think that it is a correct view of the fact; but, at all events, and whether the notes were or were not revived, surely the mortgage could not be revived; it was irretrievably gone. And even supposing, for the sake of argument, that the mortgage had been revived, which is a legal impossibility, it should be gone again, because more than five years elapsed from the 27th March, 1855, to the 28th March, 1860 (date of the filing of the tableau); and, besides, the fact of the debt being mentioned in the tableau could not have operated as an interruption of prescription, according to the authorities cited. 2 An. 546. 3 La. 201.

*Race & Foster* and *James McConnell, contra.*

HYMAN, C. J. The payment of three promissory notes drawn by Joseph Allen to order of H. Q. Ferguson, one for $159 22, due 1st September, 1847, another for $168 97, due 1st September, 1848, and the third for $178 02, due 1st September, 1849, was secured by mortgage on certain immovable property, made by Allen to Ferguson on 16th September, 1846.

On the 27th day of March, 1855, Allen sold the mortgaged property to Charles Ferguson. In the act of sale it was stated that the note of $159 92 was paid, and it was agreed that the two other notes, describing them, should form part of the price, for the sale of the property, and that C. Ferguson should pay them.

On the 27th May, 1856, C. Ferguson mortgaged this property to S. Magner.

In the act of mortgage it was stated that the property was encumbered, as shown by certificate of recorder, by the obligation of C. Ferguson, taken, in the act of sale by Allen to him, to pay the two notes in place and stead of Allen. Some time thereafter Charles Ferguson died, and the administratrix of his succession filed an account of her administration.

On the 27th May, 1860, H. Q. Ferguson filed an opposition to the account, stating that he was a privilege and mortgage creditor for the amount of the two notes and interest, on the property sold by Allen to C. Ferguson, and prayed that he be paid by preference out of the proceeds thereof.

The judge rendered judgment, sustaining his opposition, and ordering him to be paid by preference; from which judgment A. Chiapella, as one of the creditors of the deceased, appealed.

The plea of prescription of five years is the only point presented to this court for consideration.

After five years had elapsed from the maturity of the notes, Allen made provision for their payment in the act of sale to C. Ferguson, which, if not an explicit, is certainly a tacit renunciation of prescription. He acknowledged their binding effect in providing for their payment. See Civil Code, 3423. But it is declared by the Civil Code that prescription is one of the modes of extinguishing debts; and as these notes were thus extinguished, it is contended that the accessory obligation of mortgage

was not revived by the renunciation of prescription. It would be of no avail, in this case, to examine this position.

The vendor's privilege exists for the payment of the amount of these notes. They formed a part of the price that C. Ferguson, the vendee, was to pay for the property; and by his assumption he became the debtor for the whole amount of the notes. See Civil Code, 3216.

In the case of *Dupuy* v. *Lashall*, 17 La. Rep. p. 67, it is announced, that in an act of sale, a stipulation for another gave him, as to the sum due him, all the rights and privileges, which the vendor himself could exercise on property sold.

Appellant further contends that, as five years have elapsed since C. Ferguson assumed to pay, his estate is released by prescription. In the act of mortgage made by C. Ferguson in favor of S. Magner, May 27th, 1856, Ferguson stated that he had agreed to pay the notes. This acknowledgment interrupted prescription. See Civil Code, 3516 and 3486.

Between that date and the time of filing the opposition, five years had not passed.

H. Q. Ferguson, having the right of vendor's privilege, is entitled to be paid in preference to other creditors. See Civil Code, 3153.

Judgment affirmed; appellant to pay costs of appeal.