No. 1768.—B. L. MANN & Co. v. C. W. NORTON, C. REILLY, third opponent.

Notice of seizure and demand are necessary to interrupt prescription in a proceeding by executory process.

When the notice has not been served until after prescription has accrued, the plea will be maintained. 20 An. 192.

APPEAL from the Third District Court, of New Orleans, *Theard*, J. of Fourth District Court of New Orleans, presiding. *John McKee* for appellants. *Breaux & Fenner* for appellee. *E. T. Fellowes*, curator *ad hoc*, for C. W. Norton.

HOWELL, J. The only question presented in this proceeding is, whether the institution of suit by executory process interrupts prescription?

The plaintiffs and appellants rely on the case of Walker v. Lee, 20 A. 192, and the cases therein cited, to sustain the affirmative of this question. But the interruption of the prescription in those cases was based entirely on the fact that notice of demand and seizure was served before prescription was acquired, likening such notice to the citation required by Articles 3484, 3516 and 3517 C. C. In this case the requisite notice was not served until after prescription had accrued, and there was therefore no interruption.

Judgment affirmed.

---

ON MOTION TO DISMISS.

HOWE, J. A motion has been made to dismiss the appeal in this case on the ground that the matter in dispute does not exceed five hundred dollars. The matter in dispute is a note for $337 50, on which an aggregate of interest to the amount of fifty-eight per cent. was due at the institution of the suit, and therefore exceeds five hundred dollars; and the motion to dismiss must be denied. Schlenker v. Taliaferro, 20 An. p. 565.