Louis Leon v. Hermina Bouillet et als.

No. 718.—Louis Leon *v.* Hermina Bouillet et als.

Citation served on a party whose native language is French, when the petition is only written in English, will interrupt prescription.

The exception that the petition is only written in the English language, when the mother tongue of the defendant is French, must be pleaded in *limine litis.*

The rule laid down in article 2269 of the Civil Code, that the husband cannot be a witness for or against his wife, etc , is without exception, and is applicable to all cases in which either of them are directly concerned, without reference to the time that such relation commenced.

A sole heir, having accepted the succession of her mother purely and simply, has the right to take possession of the property, and her husband, by administering it with her permission, does not become personally responsible for the debts of the succession.

APPEAL from the District Court, parish of St. Mary. *Gates, J. Oliver & Dumartel,* for plaintiff and appellee. *Simon & Voorhies,* for defendants and appellants.

.Ludeling, C. J. This action is based on the following obligation :

" $2000                    Paroisse Sainte Marie, Avril 2, 1861.

"Nous promettors solidairement de payer à Monsieur Louis Leon ou à son ordre la somme de deux mille piastre avec l'interet de huit pour cent l'an depuis cette date jusqu'à parfeit paiement pour valeur reçue.

"VVE. G. BOUILLET,
"Pr. B. MARTEL,
"THE. ARMELIN."

The plaintiff alleges that Hermina Bouillet, wife of B. Martel, is the sole heir at law of her mother, G. Bouillet, and that she and her husband have taken possession of the property of the succession of G. Bouillet. He sues Hermina Bouillet, her husband, B. Martel, and Theodore Armelin, *in solido,* for the amount of the obligation above describtd.

The defendants filed an exception to the proceedings on the grounds that their maternal language was French, and that copies of the petition and citation in French should have been served on them. The judge. *a quo* sustained the exception as to B. Martel and Theodore Armelin, but overruled it as to Hermina Bouillet. It was admitted that the mother tongue of all the defendants was French. The exception should have been sustained as to all the defendants. But the record shows that copies of the petition and citation in French were served on the defendants before further proceedings in the case were had.

The plea of prescription has been filed in this court; and it is contended that the citation in English, served on the defendants on the fifth day of October, 1865, did not interrupt prescription.

Article 3484 of the Civil Code declares that prescription is interrupted "when the possessor *has been cited* to appear before a court of justice, on account either of the property or the possession;" and article 3516 of the Code provides that " the prescription releasing debts is interrupted by all such causes as interrupt the prescription by which property is acquired." See also articles 3517, 3518. Were the defend-

ants cited on the fifth of October, 1865 ? In Thomas v. Baille this court said : "The article 172 of the Code of Practice enacts 'that the petition, when either party speaks the French language as a mother tongue, must bo drawn in the French and English languages.'" The same expression, "*must be*," is applied to all the required forms and particulars of a petition, such as the names, surnames and places of residence of the parties. But the Code does not pronounce the *absolute nullity* of a petition defective in these particulars. The nullity is therefore only relative; and the defendant has undoubtedly a right to require the petition and citation to be in both languages, on showing that his native language is French; *but it does not follow that the suit must be dismissed.* 7 La. p. 415. The citations and returns thereon, in the case at bar, being regular on their face, would have authorized judgments by default to be taken and made final, if the exception had not been urged in *limine litis.* We must conclude therefore that the defendants "had been cited to appear before a court of justice," and that prescription was thus interrupted. Baker v. Thomas et al. 4 La. 418; 4 R. 258; 12 La. 530; White v. McQuillan, and Flower et al. v. O'Connor, 17 La. 218.

On the trial of the cause, interrogatories on facts and articles were propounded to B. Martel to prove that he was authorized by widow G. Bouillet to sign the obligation sued on for her. Hermina Bouillet objected to the interrogatories and the answers, on the ground that said B. Martel is her husband, and he is prohibited by law from testifying for or against his wife. The objection was not sustained, and she retained a bill of exceptions to the ruling of the judge *a quo.*

Article 2260 Civil Code is peremptory. "The husband cannot be a witness either for or against his wife," etc. "It makes no difference at what time the relation of husband and wife commenced, the principle being applied in its full extent *whenever the interests* of either of them are directly concerned." Greenleaf's Evidence, § —.

"This rule is believed to be without exception." 11 An. 628. The evidence as to her should have been excluded. There is no legal evidence in the record to show that B. Martel was authorized to sign the name of G. Bouillet, consequently no debt is established against the succession of G. Bouillet. The judicial admissions and the evidence in the record show that Hermina Bouillet, wife of B. Martel, is the sole heir of G. Bouillet, deceased, and that, by her acts, she has accepted the succession of her mother purely and simply. She had a right to take possession of the succession property, and to permit her husband to administer it, and the husband did not, by administering the property, render himself responsible for the debts of the succession.

It is therefore ordered, adjudged and decreed that the judgment of the District Court against the appellants be avoided and reversed; and it is ordered that there be judgment of nonsuit on the demand against

Hermina Bouillet, wife of B. Martel, and that there be judgment in favor of the defendant, B. Martel, on the demand against him, and that the appellee pay the costs of both courts.

Rehearing refused.