No. 3207.—ANSITE ROUBIEU v. JOHN D. CHAMPLIN.

*The written acceptance by a person appointed by the court as curator ad hoc in a suit brought against an absentee, in the absence of a citation served upon him or any appearance by him in the proceedings, will not serve to interrupt the current of prescription.*

APPEAL from the Ninth District Court, parish of Rapides. *Osborn, J. Pierson & Seay,* for plaintiff and appellee. *J. G. White,* curator *ad hoc.*

WYLY, J.  On the eleventh June, 1860, the defendant made his three promissory notes, maturing one, two and three years after date, in favor of plaintiff, for $2000 each, bearing eight per cent. per annum interest from date.  In order to secure the payment of the same he also executed a mortgage on his plantation in the parish of Natchitoches.

In 1865 the plaintiff, alleging that the defendant was an absentee, caused a curator *ad hoc* to be appointed, contradictorily with whom she closed the mortgage and caused the property to be sold.  The proceeds of said sale, to wit: the sum of $6000, were accordingly credited on said demand by the sheriff on the sixth April, 1867.

Plaintiff then instituted an attachment suit against the defendant, in the parish of Rapides, making certain creditors of the defendant parties garnishees, and also causing the citation and attachment for the defendant to be posted at the courthouse door and notice thereof given to the curator *ad hoc* appointed by the court.

The curator *ad hoc* pleaded, in his answer, the general issue and the following exceptions, viz:

*First*—That the suit can not be maintained, because it is based on a claim for interest alone, which is alleged to be due on three certain promissory notes held and owned by the plaintiff, when she judicially admits that she obtained a judgment on them on the twenty-first December, 1866, in the parish of Natchitoches.

*Second*—He pleads the prescription of five years.

The court rendered judgment in favor of plaintiff and the defendant appealed.

We will first consider the question of prescription.

The plaintiff contends that the proceeding to foreclose the mortgage in 1866 and 1867 interrupted prescription, and that this suit was instituted within five years thereafter. The defendant was not cited in that proceeding, being an absentee; the judgment rendered contradictorily with a curator *ad hoc* was not a personal judgment, but a proceeding *in rem*. It did not interrupt prescription because there was neither citation nor notice of the order served on the defendant. ·C. C. 3482, 3484, 3516, 3517 ; 2 An. 927 ; 6 R. 142.

A citation for the defendant in this suit was posted at the court-house door on the first August, 1868, and on the same day a notice of his appointment was served on the curator *ad hoc*.

There was no suit as to the defendant till the sheriff affixed to the door of the courthouse the attachment and citation. C. P. 254.

The last of the three notes upon which this demand is based matured on the eleventh June, 1863. All the notes were more than five years past due when the citation was served and the prescription of five years had accrued. · C. C. 3505.

Entertaining these views it becomes unnecessary to consider the other ground of defense.

It is therefore ordered that the judgment of the court *a qua* be annulled and avoided, and it is ordered that there be judgment for the defendant, with costs in both courts.

---

## On Rehearing.

WYLY, J.   On further examination we find it will be unnecessary in this case to decide whether or not citation served on a curator *ad hoc*, in a proceeding *in rem*, is a legal interruption of prescription as to the absent debtor.

The record of the proceeding *in rem* at Natchitoches in 1865, introduced to prove an interruption of prescription, does not show that citation was served on the curator *ad hoc* appointed by the court to

represent the defendant, then absent. It merely shows that R. M. Kearney was appointed curator *ad hoc* and that he wrote under the order these words:

"I accept the appointment of curator *ad hoc* to represent the absent defendant, J. D. Champlin.

        (Signed)                                    R. M. KEARNEY."

The mere acceptance of the appointment of curator *ad hoc*, in the absence of a citation served on him or any appearance by him in the proceeding, certainly was not a legal interruption of prescription. 2 An. 927; C. C. 3482, 3484, 3517, 3516; 6 R. 142; 4 An. 509; 12 La. 533; 17 La. 215.

The prescription pleaded is an effectual bar to the recovery of plaintiff's demand on the notes.

It is therefore ordered that the judgment of the court *a qua* in favor of the plaintiff be avoided and annulled, and that there be judgment for the defendant, with costs of both courts.