(63 South. 63.)

No. 19,490.

TEUTONIA LOAN & BUILDING CO. v. CONNOLLY.

(June 30, 1913.)

*(Syllabus by the Court.)*

DISMISSAL AND NONSUIT (§ 60*)—GROUNDS—FAILURE TO PROSECUTE—"ABANDONED."

Under Act 107 of 1898, p. 155, amending and re-enacting article 3519, Civil Code 1870, a suit is considered abandoned whenever at any time before obtaining a final judgment the plaintiff allows five years to elapse without taking any steps in its prosecution; and, on the suggestion of any party in interest it may be properly stricken from the docket or dismissed. Lockhart v. Lockhart, 113 La. 872, 37 South. 860; City of New Orleans v. New Orleans Jockey Club, 129 La. 64, 55 South. 711.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140–152; Dec. Dig. § 60.*

For other definitions, see Words and Phrases, vol. 1, pp. 4–13; vol. 8, p. 7559.]

Appeal from the Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert. S. Ellis, Judge.

Action by the Teutonia Loan & Building Company against Mrs. Catherine Connolly. From a judgment dismissing the suit, plaintiff appeals. Affirmed.

Dart, Kernan & Dart, of New Orleans, for appellant. Benj. R. Forman, of New Orleans, and R. C. & S. Reid, of Amite, for appellee.

SOMMERVILLE, J. Plaintiff sues on a promissory note, secured by mortgage and vendor's lien, and asks for judgment against defendant, with recognition of said mortgage and vendor's lien. The suit was filed October 13, 1906.

November 2, 1906, defendant filed an exception to the jurisdiction of the court.

March 7, 1912, defendant, alleging that plaintiff had allowed more than five years to elapse without having taken any steps in the prosecution of the suit, pleaded the prescription of five years, and that plaintiff had abandoned the suit. She asked that there be judgment declaring that plaintiff had abandoned its suit, and for a dismissal of the same. There was judgment dismissing the suit, and plaintiff has appealed.

Defendant bases her allegation of abandonment upon articles 3518 and 3519 of the Civil Code; which are as follows:

"Art. 3518. A legal interruption (of prescription) takes place, when the possessor has been cited to appear before a court of justice, on account either of the ownership or of the possession; and the prescription is interrupted by such demand; whether the suit has been brought before a court of competent jurisdiction or not.

"Art. 3519. If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened."

"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse, without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same." (As amended by Act 107 of 1898, p. 155.)

Plaintiff shows that the two articles just quoted are found in section 2 of chapter 3, under the heading, "Of Prescription," treating "of the causes which prevent the prescription tending to the acquisition of the ownership of property," and it argues that the language of said articles plainly refers to a suit for the possession of property, and not to a suit on a mortgage note.

But turning to section 6 of the Code, which treats "of the rules relative to the prescription operating a discharge from debts," there is found article 3551, reading as follows:

"The prescription releasing debts is interrupted by all such cases as interrupt the prescription by which property is acquired, and which have been explained in the first section of this chapter.
"It is also interrupted for the causes explained in the following articles."

The law thus makes applicable the same rule to both prescription acquirendi causa and liberandi causa; and we have consistently made this application.

In Kers v. Erwin, 4 La. 215, we say:

"According to the provisions of this article, the defendant is clearly released from the payment of the debt now claimed from him, unless there be something in the circumstances of the case which excuse the plaintiffs from not suing him sooner. * * * The article 3551 (3516) provides that the prescription releasing debts is interrupted by all such causes as interrupt prescription by which property is acquired."

To the same effect are the decisions in Dunn v. Kenney, 11 Rob. 249; Bell v. Elliott, 8 La. Ann. 453; Dennistoun v. Rist, 9 La. Ann. 464; Creswell v. Tabary, 10 La. Ann. 396; Tanner v. King, 10 La. Ann. 485; Barrow v. Shields, 13 La. Ann. 57; Elliott v. Brown, 13 La. Ann. 579; Saunders v. Carroll, 14 La. Ann. 27, which was a suit on a draft; Sheldon v. Reynolds, 14 La. Ann. 692; Succession of Ferguson, 17 La. Ann. 255; Roubieu v. Champlin, 23 La. Ann. 214; Raymond v. Conery, 50 La. Ann. 155, 23 South. 208.

In Leon v. Bouillet, 21 La. Ann. 651, we say:

"Article 3518 (3484) of the Civil Code declares that prescription is interrupted 'when the possessor has been cited to appear before a court of justice, on account either of the property or the possession'; and article 3551 (3516) of the Code provides that 'the prescription releasing debts is interrupted by all such causes as interrupt the prescription by which property is acquired.' "

And in the case of Mann v. Norton, 21 La. Ann. 155, which involved the question of whether the filing of executory process interrupted prescription or not, we hold that under the articles of the Code above referred to that it did not, inasmuch as in that case the requisite notice was not served until after the prescription had accrued; and that there was no equivalent of citation provided in the above article.

But in the present case we have not before us for consideration the question of prescription. Defendant moves to dismiss the case on the ground that plaintiff has abandoned the suit under the provisions of article 3519, C. C., as amended by Act 107 of 1898, p. 155, which amendment is as follows:

"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse, without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."

The first part of article 3519 provides:

"If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened."

There had been uncertainty with reference to the "abandonment" of a suit up to 1898. The Legislature had been silent on this point, and the courts were left to determine the question in each case as was there presented. The Legislature has now defined what is meant to be understood by the word "abandon." It says:

"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."

Prescription releasing debts is interrupted by all such cases as interrupt the prescription by which property is acquired; but when prescription is interrupted by suit and service of citation the interruption is considered as having never happened if the suit be abandoned.

This suit was abandoned by plaintiff as it failed to take any steps in the prosecution thereof during five years.

In passing upon the amendment to article 3519, in Lockhart v. Lockhart, 113 La. 872, 37 South. 860, we say:

"The amendment, therefore, consists of a distinct clause, declaring under what circumstances a suit shall be considered abandoned. It was unnecessary to declare under what circumstances a suit should be considered discontinued, because it is commonly understood that such a result is accomplished when the plaintiff appears in court and voluntarily withdraws it; but the matter of abandonment was one of interpretation, depending upon circumstances and conduct, and subject to no fixed rule. It was therefore, as we think, the purpose of the General Assembly to substitute such certainty for uncertainty, and, it being known when a suit is no longer pending in a court because of its having been discontinued, to make it known when it is no longer pending in court because of its having been abandoned."

This ruling was followed in City of New Orleans v. New Orleans Jockey Club, 129 La. 64, 55 South. 711.

Plaintiff argues that inasmuch as the mortgage sued upon by it is not prescribed that it will be useless to dismiss its suit on the ground of abandonment; that it can renew its suit immediately after dismissal. The only question presented to the court for consideration is whether this suit has been abandoned by plaintiff or not; the question of prescription is not before us, and we make no ruling with reference to it.

As the present suit falls within the terms and meaning of the statute enacted for the purpose of determining when a suit is abandoned, and as no further proceedings can be had with reference to a suit declared to have been abandoned than to strike it from the docket, there is no error in the judgment appealed from.

Judgment affirmed.