## HARRISONBURG–CATAHOULA STATE BANK v. MEYERS et al.

### No. 5808.

Court of Appeal of Louisiana. Second Circuit.

Dec. 9, 1938.

S. R. Holstein, of Winnsboro, for appellants.

H. Arthur Taliaferro, of Harrisonburg, for appellee.

HAMITER, Judge.

The Harrisonburg-Catahoula State Bank instituted this suit on March 7, 1932, praying for judgment against defendants, in solido, in the amount of $130.68, together with interest, attorney's fees and costs. The asserted indebtedness was predicated on a negotiable promissory note which is attached to the petition. Service of citation on each defendant was made on the ninth day of March, 1932.

The court minutes disclose no further proceeding had in the cause until May 17, 1937, on which date preliminary defaults were entered.

On May 21, 1937, the defaults were confirmed and there was judgment in plaintiff's favor in accordance with its prayer.

Devolutive appeals were subsequently prosecuted by defendants.

In this court appellants have filed· an instrument, termed a plea of prescription, in which they aver "that the demands of plaintiff are prescribed by the statutes of limitation in that more than five years passed after the filing of the present suit by

plaintiff against defendants before any further action was taken in said cause by plaintiff against defendants." They pray that the plea be maintained, the judgment appealed from reversed, and plaintiff's suit dismissed at its cost.

Plaintiff, through its counsel, has appeared here averring a change in its corporate name to Catahoula Bank, and praying that all further proceedings herein be carried on under the new name. Also, it has filed answer alleging that defendants' appeals were taken purely for the purpose of delay, and praying that the statutory penalty be imposed on appellants for prosecuting frivolous appeals, and that the judgment be otherwise affirmed.

Two questions for consideration appear to be furnished by the record. These are: (1) Was the so-called plea of prescription timely filed? (2) Should the above mentioned statutory penalty be imposed on appellants?

Defendants' plea is based on the provisions of Civil Code, art. 3519, as amended by Act No. 107 of 1898. These are:

"If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened.

"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."

We have found no case in the Louisiana jurisprudence interpreting or applying the quoted codal provision in connection with a situation identical with the one under consideration, and none has been cited to us. The article with its amendment has been considered by our appellate courts on numerous occasions, but in a majority of the cases the respective defendants urged the dismissal of the suits before the rendition of judgments. In the case of Verrett et al. v. Savoie, 174 La. 844, 141 So. 854, with Chief Justice O'Niell as the organ of the court, it is pointed out that under Civil Code, article 3518, a citation to defend a law suit has the effect of interrupting prescription. It is further observed in the opinion of that case that according to and by reason of the provisions of Civil Code, art. 3519, as amended [page 855]—

"If the plaintiff, having interrupted prescription by the filing of his suit and by the service of citation upon the defendant, either discontinues or abandons the suit, it will be considered as never having interrupted the prescription; *and such an abandonment will be presumed* if the plaintiff, at any time before obtaining final judgment, allows five years to elapse without taking any steps in the prosecution of his suit. When that condition arises, the suit ought to be dismissed from the docket of the court, *and the defendant has the right to have it so dismissed.* Lockhart v. Lockhart, 113 La. [872] 874, 37 So. 860; Teutonia Loan & Building Co. v. Connolly, 133 La. 401, 63 So. 63; Charbonnet v. State Realty Co., 155 La. [1044] 1049, 99 So. 865; Losch v. Greco, 173 La. 223, 136 So. 572." (Italics ours).

The above referred to legal presumption of abandonment which is created by such provisions, however, is not a conclusive one; and plaintiff has the right to show that his failure to prosecute the suit was caused by circumstances and conditions beyond his control or by reason of a situation for which he is not responsible. Bell v. Staring, La.App., 170 So. 502, 503.

It has been held that where a defendant does not plead, in the district court, failure of prosecution for five years, but, on the contrary, answers to the merits of the case, the objection is waived. Geisenberger v. Cotton, 116 La. 651, 40 So. 929. And it is our opinion that a similar waiver is effected where the defendant permits judgment by default to be taken against him without his urging the objection.

"The effect of the judgment by default is to create a tacit joinder of issue, and the reason given for it in Art. 360 of the Code of Practice is, that the defendant is presumed by his silence to have confessed the justice of his adversary's demand. Although it is, notwithstanding such presumption, made necessary for the plaintiff to proceed with his proofs, in order to have the judgment confirmed, the defendant cannot be permitted to take advantage of any matters of exception or defence which he would have been bound to plead specially, if he had thought proper to make an appearance in the cause." Cochrane et al. v. C. A. Miller, 10 La.Ann. 140.

Accordingly, as defendants herein failed to urge their abandonment contention before judgment was rendered by the district court, we conclude that their plea filed in this court comes too late.

Appellee claims the statutory penalty authorized by Code of Practice, art. 907, which provides:

"The court, in confirming a judgment appealed from, shall compel the appellant to pay all the costs. It may even condemn him to pay to the appellee, if the latter claims it by his answer, such damages as it may think equivalent to the loss which he has sustained by the delay consequent on the appeal, provided the amount of such damages shall not exceed ten per cent on the value of the amount in dispute."

■ Its request cannot be granted. The appeals herein were merely devolutive, and, consequently, no delay, with resulting damages, was occasioned appellee in the execution of its judgment. In a situation of this kind, even if the appeal be frivolous, no damages will be awarded. Chaffe v. Carroll, 35 La.Ann. 115; Dubach Mill Co., Inc. v. M. M. Carroll Lbr. Co., Inc., 4 La.App. 207.

For the reasons assigned, the plea of prescription is overruled and the judgment of the trial court is affirmed at appellant's cost.

TALIAFERRO, J., recused.