CUDDY et al. *v.* BELLEVILLE IRON WORKS COMPANY.

Where an actual citation is necessary, and its omission is attributable to the fault of the appellant, the appellee, upon a motion seasonably made, has a right to require the dismissal of the appeal.

Where a judgment was rendered and signed by a district court, for the city of New Orleans, during the month of June, an order of appeal granted upon motion in open court, in the month of July following, will not, under the Statute of 22d March, 1843, relieve the appellant from the necessity of citing the appellee; such citation being dispensed with only where the motion has been made within the same calendar month in which the judgment was signed.  The Statute of 1843 is applicable to the present district courts of New Orleans, not having been repealed by the Statute of 30th April, 1846, organizing those tribunals.

The terms of the district court of New Orleans must be considered, for the purpose of appeal under the Statute of 22d March, 1843, as monthly, although, in fact, those courts sit continuously from November to July.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J.  *A. Denis*, for the plaintiffs.  *E. A. Bradford*, for the appellant.  The judgment of the court was pronounced by

SLIDELL, J.  There is a motion in this case for the dismissal of the appeal, upon the ground that the appellee has not been cited, and that the absence of citation is attributable to the fault of the appellant, and not of the clerk or sheriff.

It is conceded that there has been no actual citation; and we deem the point to be well settled that, where an actual citation is necessary and its absence is attributable to the fault of the appellant, the appellee upon a motion seasonably made has a right to require the dismissal of the appeal.

It is therefore indispensable to inquire whether in this case actual citation was necessary.  And this question depends upon the solution of the point, whether, when a judgment is rendered and signed in the month of June by a district court of New Orleans, and an order of appeal is granted upon motion in the month of July following, the appellant is dispensed, under the Statute of 1843, from the necessity of having the appellee cited.

The statute of 1843, amendatory of the Code of Practice, is in these words :  "The party intending to appeal may do so either by petitions, or by motion in open court, at the same term at which the judgment was rendered ; in which last case the judge shall fix the amount of the security, and cause the same, with the order granting the appeal, to be entered upon the minutes of the court ; and where an appeal has been granted on motion in open court, no citation of appeal, or other notice to appellee, shall be necessary."

In the case of *St. Avid* v. *Pychot* (3 An. 6,) it was held that the late First Judicial District Court of Louisiana, whose sittings, like those of the present

District Courts of New Orleans, were held exclusively in New Orleans, had monthly terms, under the Statute of February 10th, 1813. They extended from and embraced respectively the months of November, December, January, February, March, April, May, June, and July. The fair inference from that opinion is, that, where an appeal was taken by motion in the month in which the judgment was rendered, such motion would fall under the Act of 1843, and would involve a dispensation of actual citation.

It is also a matter within the knowledge of the court, deduced from its own records, and of which it is proper for the court to take notice, that the practice was very frequent not only in the late district court, but also in the late commercial and parish courts of New Orleans, to take appeals by motion; and we are not aware that the right to do so during the month in which the judgment was rendered, and a consequent dispensation of actual citation, were ever questioned by the profession or by this court. It is also a fact familiar to the profession and to this court, that the late first judicial district court, the late parish court of New Orleans, and the late commercial court, for many years held their sessions continually during many months without adjournment.

When the adoption of the Constitution of 1845, imposed upon the Legislature the duty of organizing anew the courts of the State, we find this duty fulfilled with regard to New Orleans, by the Act of April 30, 1846 (Acts, p. 32), to which statute the counsel on both sides refer us. By this statute it was enacted that, there shall be five district courts in the parish and city of New Orleans, and that said courts shall be opened from the first week in November, to the fourth day of July; provided that for criminal and probate causes, and for granting interlocutory orders, they shall remain open all the year. Secs. 1 and 3. For the district courts in most of the other parishes, four *terms* respectively in each year are established, to commence on certain specified days; and with regard to those courts it is obvious that no difficulty could arise upon the point, what constitutes the *term*.

Under this organization of the district courts of New Orleans, it seems to have been generally assumed by the profession and by the judges of those courts, that the Act of 1843, was still in force with regard to those courts. This interpretation by the profession and by the district judges, is entitled to very great respect. *Contemporanea expositio est optima et fortissima in lege.* It commends itself also by considerations of convenience by a recollection of the evils which produced the Statutes of 1839 and 1843, and the liberal spirit of those enactments. If the Statute of 1843 has been virtually repealed by the legislation of 1846, so far as regards the courts of New Orleans, in which a very large portion of the litigation of this State is carried on, the inconvenience and evils which preceded and produced the Statute of 1843 will spring up anew, involving an increased expense to litigants and the frequent fustration or delay of justice. To such a conclusion this court ought not to come unless the recent legislation be so inconsistent with the Act of 1843 as to compel the deduction that the lawgiver intended to deprive the New Orleans litigant of a cheap and convenient remedy, which undoubtedly is still open to litigants elsewhere.

The only difficulty in this matter arises from the question, what is the *term* of a district court in New Orleans, to which we are to apply the provision of the Statute of 1843? The Act of 1846 above cited does not designate the terms of the district courts of New Orleans *eo nomine*. If we should say that, for the purposes of appeal, we are to consider the prolonged session of those courts

from the first week of November to the fourth day of July as one term, such an interpretation would involve practical results which certainly could not have been contemplated by the act of 1843. There was no hardship in the fiction of law involved in that statute, which considered a party as in court during a term which in the country parishes rarely was prolonged beyond two or three weeks, and in the district court of the first judicial district covered one month. But to consider a litigant as being constructively present in court after judgment, during a period of nine months, and bound day by day thereafter to watch the minutes of the court, and take notice of an order of appeal, would be extremely onerous, and a statute made to further justice, might become an instrument of injustice. Considering the evils which the statute of 1843 was intended *to re*medy, the unreasonableness of inferring from subsequent legislation any intention to deprive litigants at New Orleans of the benefit of that statute, the absence in the statute of 1846 of an express designation of a term *eo nomine*, and the inconsistency of any other interpretation than that which wo now adopt, with the true spirit and intention of the act of 1843, we conclude that the intention of the law-giver will be fulfilled by considering the act of 1843 as still applying to the district courts of New Orleans; and this to the same extent and in like manner *as the same was understood and practised, with the concurrence of the* bench and bar, during the existence in New Orleans of the various courts to which under the new Constitution and the act of 1846, the present courts have succeeded. This practice we understand to have been, to consider the terms as monthly for the purposes of appeal under the act of 1843, although in point of fact the former courts, like the present, sat continuously from November to July.

As the month in which the judgment in question was rendered and signed, had expired before the motion for appeal was made, we are of opinion that it cannot be considered as being within the act of 1843, so as to dispense the necessity of citing the appellee. And as the absence of citation is attributable to the fault of the appellant, it follows that the appeal must be dismissed, which is now ordered accordingly; the costs of the appeal to be paid by the appellant.