(33 South. 625.)

No. 14,344.

Succession of HOYLE.

(June 23, 1902.)

DISTRICT COURT—RULES—APPEAL—DISMISSAL—APPOINTMENT OF TUTOR.

1. Under article 136 of the Constitution, the civil district court is authorized "to adopt rules, not in conflict with law, regulating the allotment, assignment, and disposition of cases, the order in which they shall be tried and the proceedings in such trials," and it is competent for such court, in the absence of express legislative prohibition, to make its terms continuous for the trial of particular classes of cases.

2. Where it appears that an opposition to the appointment of a tutor has been heard and decided in September, it is for the appellee, moving to dismiss, for want of citation, an appeal taken in February following, to show that the same was taken at a subsequent term of the court quoad the matter at issue.

On the Merits.

3. A person of notoriously bad conduct will be excluded from the tutorship of minors.

Nicholls, C. J., dissenting.

(Syllabus by the Court.)

Appeal from civil district court, parish of Orleans; Walter B. Sommerville, Judge.

In the matter of the succession of Robert Lee Hoyle. From an order refusing an application for tutorship, the applicant appeals. Affirmed.

Louis P. Paquet and Andrew J. Murphy, for appellant. John Patrick Sullivan, for appellee.

On Motion to Dismiss Appeal.

MONROE, J. It appears from the record in this case that upon July 2, 1901, Mrs. Laura R. Eiler filed a petition in the civil district court alleging the death of her husband, Robert L. Hoyle, upon the 28th of the preceding month, and praying for an inventory, and for confirmation as natural tutrix of the minor children, issue of the marriage. This application, in so far as related to the tutorship, was opposed by the father of the applicant, and the opposition was dismissed by judgment rendered August 20, and signed August 27, 1901. Another opposition was, however, filed to the same effect, and after hearing there was judgment maintaining the same, and appointing the opponent tutor of his grandchildren. This judgment was rendered September 9, 1901, and signed the next day, and the widow and mother obtained a devolutive appeal therefrom by motion, and without citation, February 2, 1902. The appellee moves to dismiss on the ground that the appeal, not having been taken during the term at which the judgment was rendered, should have been taken by petition, and that he should have been cited.

Act No. 4 of 1896 is an act to fix and regulate the terms of the civil district court, and provides:

"That the said court shall be opened at 11 o'clock a. m., and shall remain open until 3 o'clock p. m., unless business assigned for the day be earlier concluded, from the 15th day of October to the end of the month of June, in each year, except from Christmas to the 2d of January. For granting interlocutory orders, issuing any and all writs, trials of rules to quash same, and not upon merits, and for the purpose of trying proceedings instituted, or on appeal therein, by a landlord, for the possession of leased property, partition proceedings, and for such special probate and insolvency business as the court, en banc may, by rule, determine, said court shall remain open on all legal days during the whole year," etc.

Article 136 of the Constitution provides that:

"The judges of said civil district court shall be authorized to adopt rules, not in conflict with law, regulating the allotment, assignment and disposition of cases, the order in which they shall be tried and the proceedings in such trials," etc.

From the brief of appellant's counsel it appears that, according to a rule adopted after the Constitution went into effect, the civil district court is open all the year for the trial, among other things, of oppositions to

the appointment of tutors; and, though the rules are not in evidence, nevertheless, as such a rule is authorized by the constitution, and is not in conflict with the statute, it cannot be said, in the absence of affirmative evidence to that effect, that the appeal herein was granted at a term different from that at which the judgment was rendered; and the motion to dismiss is accordingly denied.

### On the Merits.

### (Jan. 19, 1903.)

The record shows that Robert Lee Hoyle died in 1901, and that his widow filed a petition and supplemental petition in the civil district court praying that she be confirmed as natural tutrix of their six minor children.

This application was opposed by her father on the ground that the applicant is a person of notoriously bad conduct, and, as such, unworthy of, and excluded by law from, the tutorship. The opponent alleges that he is able to take care of, rear, and properly educate the minors, and that the applicant is not; and he prays that her demand be rejected, and that he be appointed tutor.

The judgment appealed from sustains the opposition, appoints the opponent tutor, and gives him the custody of the children, with the exception of an infant, born since the death of the father, of which the mother is allowed to retain the custody until the further order of court.

It would serve no useful purpose to recapitulate the evidence in the record. It is enough to say that it fully sustains the judgment appealed from, which is therefore affirmed.

See dissenting opinion of NICHOLLS, C. J., 33 South. 626.