Statement of the Case.
MONROE, J.
The relator, a corporation created under the laws of this state, alleges that the Cumberland Telegraph & Telephone Company, a corporation created under the laws of the state of Kentucky, and engaged in the telephone business in this state, instituted suit in the civil district court for the expropriation of a right of way along the line of the relator’s railroad, and that an order was made by the respondent judge directing relator to apyiear in court upon August 11th for the purposes of a trial before a special jury to be then impaneled; that relator appeared upon the day designated, and objected to the trial, on the ground that the civil district court was then in vacation, and was without jurisdiction to hear such a cause; and that, said objection having been overruled, relator, after due notice to the respondent judge and to the parties in interest, makes this application for the writs of certiorari and prohibition.
*9 Respondent admits the facts as thus stated, and alleges that he “ordered the relator to proceed to trial, for the reason that, having-jurisdiction to try expropriation cases, such cases can he tried during vacation under the rules of the civil district court, and particularly under rule 4, § 1, which reads as follows:
‘Court shall be open for general purposes on all legal days, from the fifteenth day of October to the first day of July, following, except from Christmas to the second of January, and from the first day of July to the fifteenth day of October, following, for grant ing interlocutory orders, for issuing all writs, for the trial of motions to quash the same, and not upon the merits, and for the trial of proceedings by landlords for the possession of leased premises, applications for emancipation, and by married women for authorization, partition suits, oppositions to the appointment of tutors, administrators, executors, and syndics, receivers and liquidators, all succession and insolvency matters not litigated, and such other proceedings as may, under existing laws, be tried during vacation,’ etc. * * *
That under the provisions of Act 132 of 1890 expropriation suits are triable during vacation, and under Act 124 of 1S80 telephone companies were given the right of expropriation. Therefore the suit of the Cumberland Telephone and Telegraph Company for the expropriation of the land described in the petition was triable in vacation,” etc.
Opinion.
Our learned brother of the district court and the counsel who represent the telephone company are of the opinion that the case in question is provided for in the rule of court upon which they rely by the language, “and such other proceedings as may, under existing laws, be tried in vacation,” the argument being that under existing laws the case may be heard in vacation, and hence falls within the rule. This, of course, involves an examination of the “existing laws.”
Sections 1479, 14S0, and 1481 of the Revised Statutes of 1870 provide for expropriation proceedings to be instituted by “any corporation constituted under the laws of this state for the construction of a railroad, plankroad, turnpike road, or a canal for navigation, or for the purpose of transmitting intelligence by magnetic telegraph.”
Section G96 of the same work gives to “corporations, formed under the laws of this state for the purpose of transmitting intelligence by magnetic telegraph the right of way over all lands owned by the state,” etc.
Act 124 of 1880 amends and re-enacts the section last mentioned, and confers upon telephone and telegraph companies created under the laws of other states, as well as of Louisiana, the right “to proceed to expropriate, the same as provided in, and by, the laws of this state relative to expropriation of lands for railroads and other works of public utility.”
In neither of these laws is there any provision for the hearing of expropriation cases during the vacation of the district courts in the parish of Orleans or throughout the state, and, it may be remarked, the vacation of the civil courts in the parish of Orleans extended at that time from July 4th to the first Monday in November. In 1890 the general assembly passed an act, No. 132, entitled “An act to give district courts throughout the state authority and power to try cases for expropriation of lands for public purposes, during vacation,” which provides: “That, whenever any proceeding is instituted in the district courts throughout the state, under sections 1479, 1480 and 1481 of the Revised Statutes of 1870, for the expropriation of land for public purposes, the suit may be tried during vacation, if the court before which the proceeding is instituted is not in session.”
The use in the title and body of this act Of the expression “district courts throughout the state” suggests some doubt as to whether it was the intention that it should bo applied to the district courts in the parish of Orleans, as those courts are commonly excepted in legislation containing such language. But as the words “parish of Orleans excepted” are not used, it may be assumed that it was not the intention in this instance to except the courts of that parish. The act, by its terms, however, applies to proceedings instituted under sections 1479, 1480, and 1481, whilst the only authority by which a telephone company, or by which any corporation created under the law of another state, could *11 bring such a suit, is that conferred by section G9G, as amended and re-enacted by Act 124 of 1880. It is true that the act of 1880 gives to foreign telephone and telegraph companies the same rights with respect to the institution and prosecution of expropriation proceedings as are conferred by sections 1479, 14S0, and 1481 of the Revised Statutes upon railroads and other corporations created under the laws of this state; but the facts remain that the sections mentioned deal in terms with corporations established under the laws of Louisiana, whilst the act of 1880 deals with particular corporations established under the laws of other states as well. And, whilst it is provided by the act of 1890 that proceedings instituted under those specially designated sections — i. e., by domestic corporations — shall be tried during vacation, there is no such provision with regard to proceedings to be instituted under the act of 1880 by foreign corporations.
In 1S92, by Act No. Ill, it is provided that the civil district court for the parish of Orleans “shall be open, for all purposes, every legal day during the year,” so that if there was any doubt arising from the interpretation of the act of 1890 as to the trial in that court, at any time, of the cases contemplated by the act of 1880, such doubt was removed.
This regulation proved unsatisfactory, however, and in 189G the general assembly passed the act No. 4 of the session of that year, entitled “An act to regulate the terms of the civil district court for the parish of Orleans, and to repeal Act 111 of 1892, approved July 7th, 1892.” The text of this statute is in part as follows:
“Section 1. * * * That the civil district court for the parish of Orleans shall be opened at eleven o’clock a. m., and shall remain open until three o’clock p. m., unless business assigned for the day shall be earlier concluded, from the fifteenth day of October to the end of the month of June, in each year, except from Christmas to the second of January. For granting interlocutory orders; issuing any and all writs, trials of rules to quash the same, and not upon the merits; and for the purpose of trying proceedings instituted, or on appeal therein, by a landlord for the possession of leased property, partition proceedings, and for such special probate and insolvency business as the court, en banc, may, by rule, determine,' said court shall remain open on all legal days during the whole year,” etc. And by the second section the act of 1892 is repealed.
If this act had contained only the provision embodied in the first paragraph of the first section, requiring the court to be kept open from October 15th to the end of June, it might well have been argued that the interval between the end of June and the 15th of October was a vacation, and that the act of 1880, providing for the trial of cases during vacation, was still applicable. But the second paragraph of the act declares affirmatively what shall be done during the vacation thus provided, and it is a ease in which the expression of one thing means the exclusion of the other; otherwise the law would have no meaning, and the act of 1892 might as well have been left unrepealed. The fact is — and it is a fact of which this court may take judicial notice — that the months of July, August, and September are months which, from business and other considerations, invite the inhabitants of large cities, who are able to do so, to enjoy the country, the mountains, and the seashore; and so many persons in New Orleans, including lawyers as well as litigants, accept the invitation, that serious litigation is prosecuted under difficulties; and it was, no doubt, in view of this condition that the act of 1896, limiting the work of the courts during these months to that which seemed absolutely necessary, was framed by those whose experience enabled them to understand the habits and needs of the community, and adopted by the general assembly. The act, as adopted, being the latest expression of legislative will, and being particular and specific in its terms, controls the situation, and removes the civil district court from the operation of the act of 1880, and, this being the case, the court is without authority to force the trial of an expropriation case during its vacation.
It is therefore ordered, adjudged, and decreed that the alternative writ and restraining order heretofore issued be now made peremptory, at the cost of the Cumberland Telephone & Telegraph Company.