On Motion to Dismiss.
BREAUX, C. J.
[1] The grounds pleaded by appellee to dismiss the appeal are that the motion for appeal was made at chambers, out of term time, and that the appeal was not prosecuted, as it should have been, by petition and service on the appellee. '
The city of New Orleans in July, 1904, brought suit for the expropriation of lands for a public purpose adjacent to one of its parks and owned by defendant.
On intervention of Geo. W. Friedrichs to become a party, his petition was granted, and he was made a party. He joined in the defense.
An injunction was issued at plaintiff’s instance restraining and preventing defendant from cutting down trees and shrubs on the property. The injunction was bonded, except as to the ornamental trees upon the property, which the court excepted in the order permitting the defendant to bond the injunction. A suspensive appeal from this order permitting the defendant to bond was refused.
On the day set for trial of the cause, the jurors were present, and all were ready for trial. An exception of no cause of action was taken up, and, after hearing of parties, *67 it was sustained. Plaintiff’s action was dismissed and the injunction bond canceled.
It is from the judgment of dismissal rendered on the 6th and signed on the 19th day of September, 1904, plaintiff appeals.
Plaintiff presented a written notice for an appeal in open court held in vacation to try special cases.
We will say preliminarily, as relates to an important fact bearing upon the issues, that plaintiff’s and appellant’s statement that the exception of no cause of action was tried with the consent of the parties in interest meets with a similar statement on the part of defendant as relates to consent, as will be seen by the following extract from defendant’s brief:
_ “The consent trial of this cause on the exception of no cause of action,” etc.
“The trial was had during the vacation of the civil district court, and was tried at that time in that court by consent.”
It remains that appellee insists that appellant could only prosecute plaintiff’s appeal by petition end citation, and not by motion as in session of court at a regular term. The proceedings were had in vacation, it is true, but every one concerned consented.
Unquestionably, if the judge had authority under the statute to hear and decide the exception of no cause of action, interposed by defendant to plaintiff’s action, he had authority to grant an order of appeal on plaintiff’s and appellant’s motion, on the day the decision was rendered. The law creates a special term, a day in court, for the trial of the cause and for rendering a judgment thereon, which may thereafter be appealed from on motion made during the session.
We find some support for our decision in different legislative acts upon the subject.
[2] In reading the different statutes, we find that statute No. 16 of 1869 is very similar to statute No. 4 of 1896. Under the former, courts were at the origin opened from the first Monday of November to the fourth of July for granting interlocutory orders, and for granting writs of arrest, habeas corpus, injunctions, sequestrations, attachments, mandamus and provisional seizure, and to try motions to quash.
The Act 16 of 1869 was repealed by subsequent laws, but it was re-enacted by Act 4 of 1898.
In 1890, by Act 132, while Act 16 of 1S69 was in force, the Legislature made provision to have court session held in vacation for the trial of the expropriations of lands for public purposes. It added to the authority delegated by Act 16 of 1869. In our opinion this law has never been repealed.
Act No. 4 of 1898 was passed to regulate the terms of the civil district court for the parish of Orleans, and repeal Act No. Ill of 1892, naming this last act, and making special provision for the trial of certain designated issues — provisions similar — which were in the Act of 1869, No. 16.
There is no conflict between Act 132 of 1890, providing for the trial of expropriation suits in vacation, and Act 4 of 1896, any more than there was conflict between the former act and the Act 16 of 1869. Both stood and were in force for years; i. e., Act 16 of 1869 and Act 132 of 1890 were enforced for many years together, without the least suggestion of conflict between them.
[4, 5, 6] In a recent case, cited with confidence by appellee, in which the Cumberland Telephone & Telegraph Company, a corporation created under the laws of Kentucky, and located in this state, was plaintiff, this qourt said, in substance, that Act 124 of 1880 amends and re-enacts section 696, Rev. St., so as to enable foreign corporations specially referred to by name to institute expropriation proceedings for public purpose, and to that extent placing them on the same footing as domestic corporations.
Nothing was included in this act with the *69 view of permitting a trial of these expropriation claims in vacation; i. e., claims of foreign corporations for expropriation.
We here quote from the opinion:
In neither of these “laws is there any provision for the hearing of expropriation eases during the vacation of the district courts in the parish of Orleans, or throughout the state, and, it may be remarked, the vacation of the civil courts in the parish of Orleans extended at that time from July 4th to the first Monday in November. In 1890 the General Assembly passed an act No. 132, entitled ‘An act to give district courts throughout the state, authority and power to try cases for expropriation of lands for public purposes during vacation,’ which provides, ‘That whenever any proceeding is instituted in the. district courts throughout the state, under sections 1479, 1480 and 1481 of the Revised Statutes of 1870, for the expropriation of land for public purposes, the suit may be tried during vacation, if the court before which the proceeding is instituted is not in session.’ ”
Continuing on the same subject in the paragraph succeeding, the court held that Act 124 of 1880 applies in term to proceedings instituted under sections 1479, 1480, and 1481 of the Revised Statutes, “whilst the only authority by which a telephone company, or by which any corporation created under the law of another state, could bring such a suit, is that conferred by section 696 as amended and re-enacted by Act 124 of 1880.”
Act 132 of 1890 deals exclusively with home corporations, and does not, in any way, refer to foreign corporations.
The authority of foreign corporations to sue in expropriation proceedings is derived exclusively from Act 124 of 1880. They can bring no suit for expropriation, save under that act, whilst Aet 132 of 1890 relates exclusively to proceedings instituted under sections 1479, 1480, and 1481 of-the Revised Statutes of 1870. 'Foreign corporations have no authority under that act. They cannot sue under it, as it does not relate to them. It is evident that they are not included in the terms which authorize home corporations to bring such an action in vacation. Their authority to sue — i. e., authority of foreign corporations to sue — is limited to the act of 1880.
The court said in regard to this act in the decision, from which we quote:
“And whilst it is provided by the act of 1899 that proceedings under these specially designated sections — i. e.s by domestic corporations— shall be tried during vacation, there is no such provision with regard to proceedings to he instituted under the act of 1SS0 hy foreign corporations." (Italics ours.) State ex rel. Morgan’s La. & T. R. R. & S. S. Co. v. Judge, 109 La. 8, 33 South. 49.
We still think that the plaintiff corporation in the cited case could not compel the defendant to stand in judgment during vacation. It must be borne in mind that plaintiff in said case was a foreign corporation.
It remains as a fact that the suit (109 La. 8, 33 South. 49), as just stated, was brought under the aet of 1880, and that it could not have been brought under any other. But here it is different; the suit is by a domestic corporation.
We will state before leaving this branch of the case that Law 111 of 1892 was an anti-vacation law. It was opposed to all rest, and looked to constant work, if needful, to dispose of all business. Court “shall be open for all purposes every legal day during the year,” quoting from said act.
This law was too sweeping in its scope. The General Assembly made other provisions and repealed this act by reference to number and title, but made no reference to any other act. The express repeal stopped with the aet just named. Now as to the implied repeal for which defendant and appellee contends.
[3] The question arises, Is there any repugnance or conflict between this repealing aet and Act 132 of 1890 and Act 4 of 1896? We think not, and, to that end of answering the question, we will quote from Act 4 of 1896 and Act 132 of 1890, as forming the text of one act. We will make a free quotation from Act 4 of 1896:
*71 “Tlie civil district court for the parish of Orleans shall be opened * * * from the 15th day of October, to the end of the month of June; * * * for granting interlocutory orders, issuing any and all writs, trials -of rules to quash the same ; * * * for the purpose of trying proceedings instituted or on appeal therein, by a landlox-d for the possession of leased propex-ty; partition proceedings, and for probate, and insolvency business, as the court en banc may determine.” “Said court shall remain open on all legal days during the whole year, for the expropriation of lands for public purposes during vacation.’’
The italicized part is from Act 132 of 1890, and is inserted here as evidence that there is no conflict between it and Act 4 of 1896 (quoted just above), and that, therefore, the former Act 132 of 1890 is not repealed.
The two can stand together and completely harmonize.
Repeals by implication are not favored. When two laws do not disagree, they should remain unchanged. To effect a repeal the inconsistency must be direct.
Says Mr. Cooley in his work on the Constitution:
“Repugnancy between, two statutes should be very clear to warrant a court in holding that the latter in time repeals the other, when it does not in terms purport to do so.”
We will not quote further from commentators. It suffices to say that these rules are very seriously controverted.
[7] We extend our decision a step further and take into consideration the “consent” of counsel, to which we referred in our statement of facts.
The parties litigant chose to have their differences passed upon in the district court after the regular term for all business had been adjourned, and to have them considered and decided.
We are inclined to the view that, even if Act 132 of 1890 is repealed, the parties are bound by their agreement (we do not think it is repealed); that the effect of the agreement to the case out of regular term time extended to and included the motion for appeal and the order of appeal.
Let us at the outset, for the sake of a somewhat hasty illustration, assume that the city of New Orleans sued here a resident of the parish of Jefferson or Plaquemine, and that the defendant appeared in court at its regular session, and filed his answer, and remained in court until judgment had been rendered in his favor; would not the plaintiff city have the right immediately after the decision to move for an appeal?
The open session of the court should not be considered closed, immediately, after judgment rendered. The open session which authorized a trial would afford authority during this session, before the court’s adjournment to enable the court to hear and pass upon a motion for an appeal.
The party by his agreement is still in court, when the judgment is rendered and the appeal taken, for the appeal was taken on the day the judgment was signed.
In the same way, in the case before us for decision, the consent which enables parties to be heard in open court for a particular purpose should extend to, and include, a motion for an appeal before the open court. It was not strictly a case tried at chambers. The court was open for a particular purpose, authorized we think, by statute, and by consent of parties.
Learned counsel for defendant cite several decisions. The strongest is Cuddy v. Bell-ville Iron Works, 4 La. Ann. 582. The appeal had been taken out of term time by motion for the appeal, which was granted some time after the judgment had been rendered. The litigant was no longer in court, either in person or constructively; it being months and months after judgment. Different from the present case where it should always be, the motion was made in open court before its adjournment, a day on which the judgment was signed.
We return for a moment to the question of the authority to grant the order of appeal in *73 open court immediately after judgment to quote from State ex rel. v. Judge, 21 La. Ann. 734:
“If the court he open to try the case, we think it should also be open to entertain a motion for an appeal.”
See, also, Succession of Hoyle, 109 La. 623, 33 South. 625.
We quote further from 21 La. Ann.:
“At any rate, if the language of the statute creates doubt, we will give that doubt in favor of the right of appeal.”
The motion to dismiss is overruled.
(note. — -The appeal in the above numbered and entitled cause having been abandoned some time after the motion to dismiss had been overruled, a motion to dismiss was filed about 6% years afterwards, on the ground of abandonment. For the reasons given below, the appeal was, therefore, dismissed.)
On Further Motion to Dismiss.
MONROE, J.
[8] In July, 1904, the city of New Orleans instituted the above-entitled suit in the civil district court, praying for the expropriation of certain property, 'for park purposes, and obtained an injunction whereby the defendant company, which was alleged to be in possession, was inhibited from laying off race courses, destroying trees, digging wells, etc., thereon. The judge a quo made an order permitting the defendant to bond the injunction in part; and thereafter, there was judgment for defendant, maintaining an exception of no cause of action and dismissing the suit, and plaintiff appealed. The transcript was filed in this court on November 9, 1904. On December 5, 1904, there was judgment, overruling a motion, filed by defendant, to dismiss the appeal; and on March 31, 1905, the ease was called and continued indefinitely, since which nothing further has been done.
Defendant now moves that the appeal be dismissed on the ground that under Act 107 of 1898 the cause is considered as having been abandoned. The legal representatives of the defendant have appeared and “give this court to know and be informed that they do not consent, but, on the contrary, object to, and protest against, the dismissal of the appeal herein on the ground alleged.”
The statute referred to in the motion amends and re-enacts O. O. 3519, so as to make it read:
“Art. 35Í9. If the plaintiff in this case, after having made his demand, abandons or disJ continues it, the interruption shall be considered as never having happened. Whenever the plaintiff, having made his demand, shall, at any time before obtaining final judgment, allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same.”
The words “this case,” in the first line of the article, refer to the case mentioned in the preceding article of the interruption of prescription by the institution of a suit. The amendment to the article consists of the paragraph, beginning with the word “whenever,” declaring under what circumstances a suit shall be considered abandoned. In Lock-hart et al. v. Lockhart et al., 113 La. 872, 37 South. 860, the law thus quoted was applied in a suit pending in the district court in which nothing had been done for more than five years, and it was 'held that the suit was properly stricken from the docket. We can see no good reason why the same application should not be made here.
The appeal in this case is therefore dismissed.