No. 6105.

## STATE EX REL. YAZOO & MISS. VALLEY R. R. CO. vs. P. E. EDRINGTON, JUDGE.

On Application for Writs of Prohibition and Mandamus.

### Syllabus.

A step in the prosecution of a suit, within the meaning of Act 107 of 1898, requires some formal move before the Court, intended to hasten the judgment.

Robert J. Perkins, for relator.

L. H. Marrero, Jr., for respondent.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiff below filed suit for damages    After trial, but before argument, and without submission, the cases were continued indefinitely; to-wit, on April 30th, 1908.

No other formal steps were taken therein until more than five years afterwards, to-wit, on January 16th, 1914, when plaintiff moved to set the cases for trial.

Thereupon defendant moved to dismiss the suits as having been abandoned.    (Act 107 of 1898, **Lockhart vs. Lockhart, 113 La., 872.**)

The respondent Judge, having refused to dismiss the, same, defendant applies for writs of prohibition and mandamus.

For reason of his refusal to dismiss the suits, respondent anwers that on March 3rd, 1910, plaintiff's counsel had requested defendant's counsel to file his testimony, and defendant's counsel had replied that it had not yet been written out (as evidenced by a letter of defendant's counsel dated said day); which request and

answer the respondent considered "a step taken in the prosecution of the suit."

We think our learned brother was in error. Act 107 of 1898, provides that a plaintiff's failure to take any step in the "prosecution" of his suit for more than five years shall be considered an abandonment thereof. And the Statute is a remedial one, intended to remove the uncertainty which had until then prevailed as to what circumstances might amount to an intention to abandon (New Orleans vs. Jockey Club, 129 La., 64; Teutonia L. & B. Co. vs. Connolly, 133 La.,...., 63 So. Rep., 63).

As it is perfectly clear that there could be no uncertainty whatever that a plaintiff had no intention of abandoning his suit, if he had actually taken some formal steps before the Court in connection therewith, it follows that the whole uncertainty grew out of things done informally and out of Court.

Hence it was this species of uncertainty which the Legislature meant to eliminate.

To hold then, that anything done in pais might constitute a step taken in the prosecution of the suit would be to restore the whole matter to the same chaotic condition in which it was before, and thus defeat absolutely the legislative purpose.

A step in the prosecution of a suit, within the meaning of Act 107 of 1898, requires some formal move before the Court, intended to hasten the judgment.

It is therefore ordered that writs of prohibition and mandamus issue herein restraining and prohibiting the respondent Judge from proceeding further in the matters entitled George Washington vs. Yazoo & Miss. Valley R. R. Co., and Cecelia Henry vs. Same Defendant, Nos. 820 and 821, of the docket of the 28th Judicial Dis-

trict Court, Parish of Jefferson, and directing him to dismiss said suits as having been abandoned.

Writs granted.

Opinion and decree, April 20th, 1914.