No. 6015

First Circuit

---

MOUTON v. MORGAN'S LOUISIANA & TEXAS RAILROAD AND STEAMSHIP CO.

---

(Feb. 12, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Appeal—Par. 535.

Under Article 3519 of the Civil Code as amended by Act 107 of 1898, a defendant and appellee may have the appeal dismissed five years after the case has been indefinitely continued by the Court of Appeal without any steps having been taken in that time.

Appeal from the District Court, Parish of Lafayette. Hon. Wm. Campbell, Judge.

Action by Eraste Mouton against Morgan's Louisiana & Texas Railroad and Steamship Company and the Director General of Railroads.

There was judgment for defendant and plaintiff appealed.

Appeal dismissed.

John L. Kennedy, of Lafayette, attorney for plaintiff, appellant.

Mouton & Debaillon, of Lafayette, attorneys for defendant, appellee.

ELLIOTT, J.    Suit to recover the value of a horse alleged by plaintiff to have been shipped over the defendant railroad and not delivered at the point of destination.

Defendant and appellee moves the dismissal of this appeal on the ground that same has been abandoned. Five years having elapsed since it was indefinitely continued by the order of this court, without any steps taken in the prosecution of the same. The appeal was filed at Crowley on July 8, 1920. Thence by the order of this court and the consent of counsel it was transferred to be argued and submitted at Baton Rouge. It was then, by the order of this court, sitting at Crowley on May 22, 1921, continued indefinitely. Since then, so far as we are informed, nothing has been done looking to the prosecution of the same until October 25, 1926, at which time this court sitting at New Iberia, which has become the returning point for appeals from the Parish of Lafayette in lieu of Crowley, the record was produced in open court. The motion to dismiss was filed at the same time.

The motion is based on Civil Code Art. 3519 (Amd. Act 107 of 1898), which provides: "If the plaintiff in this case after

having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened. Whenever the plaintiff, having made his demand, shall at any time before obtaining final judgment, allow five years to elapse without having taken any steps in the prosecuting thereof, he shall be considered as having abandoned the same." Before this enactment, it was a question for the court to decide, under the law, C. C. Art. 3519, and C. P., Arts. 594 and 902, whether or not an appeal had been abandoned.

It is a 'prima facie impression on our part that C. C. Arts. 3518 and 3519 (Amd. Act 107 of 1898), contemplates suits pending in the court of original jurisdiction only. The mention made in Art. 3518 of suits, citations, demands brought, jurisdiction, etc., seems to justify that conclusion. The new provision amending Art. 3519: "Whenever the plaintiff having made his demand, shall at any time, before obtaining final judgment, allow five years to elapse without taking any steps," etc., is a very broad enlargement and peremptory exception, available in the court of original jurisdiction under C. P. Art. 346; but we would not be disposed to hold that it broadened the scope of Arts. 3518 and 3519, making the exception of abandonment in the way mentioned, also available as a ground for dismissing a pending appeal were it not for the decision of the Supreme Court hereinafter mentioned.

It rather appears that the abandonment of pending appeals was left and still remain as provided for by C. P., Arts. 594 and 902. This view is supported by the the case of Reagan vs. La. Western R. R. Co., 143 La. 754, 79 South. 328. In that case an appeal was taken from the judgment of a justice of the peace to the district court. It remained on the docket

of the District Court inactive for more than five years, upon which the plaintiff and appellee moved under C. C. Art. 3519 (amd. 107 of 1898), to dismiss the appeal on the ground that it had been abandoned. Defendant and appellant moved at the same time to dismiss the case on the same ground. The district judge refused both motions. The Supreme Court, in reviewing 'the ruling on a writ of certiorari, held that the district judge had ruled properly as to both motions. That C. C. Art. 3519 (amd. Act 107 of 1898), had not provided a ground for dismissing appeals. That the article has no reference whatever to causes for dismissing appeals.

The Supreme Court held, however, in City of New Orleans vs. New Orleans Jockey Club, 129 La. 64, 55 South. 711, that C. C. Art. 3519 (amd. Act 107 of 1898), applied to appeals pending in the Supreme Court and dismissed the appeal in that case on the ground mentioned. The case was approvingly cited in 133 La. 401, mentioned in 155 La. 1044, p. 1050, and we find nothing in any subsequent case indicating that the City of New Orleans vs. New Orleans Jockey Club, 129 La. 64, 55 South. 711, case was not approved in the ruling mentioned. The two cases appears to be in conflict; but the City of New Orleans vs. New Orleans Jockey Club, 129 La. 64, 55 South. 711, case is directly in line with the motion we have in hand and will be followed on that account.

It was said in the argument of the motion, by counsel for appellant, that the record had been lost and only recently found. There is no showing to that effect, but supposing that it has been lost as stated, if it has been recorded it could have been reproduced as provided by the Revised Statutes, Sec. 474 (amd. Act 17 of

1878). If not recorded, it could have been reproduced by proving the contents of the pleadings and prosecuted to a conclusion as reproduced.

The situation, therefore, can not be saved for appellant on that ground. Basing our action on City of New Orleans vs. New Orleans Jockey Club, 129 La. 64, 55 South. 711, it is decreed that the plaintiff and appellant herein has abandoned his appeal as a matter of law, C. C. Art. 3519 (amd. Act 107 of 1898), and the same is now dismissed at his cost.