(120 So. 283)

No. 23828.

### HIBERNIA BANK & TRUST CO. v. JACOB A. ZIMMERMAN & SONS, Inc.

Jan. 2, 1929.

Solomon Wolff and J. Zach Spearing, both of New Orleans, for appellant.

Monroe & Lemann and Walter J. Suthon, Jr., all of New Orleans, for appellee.

ROGERS, J. On October 15, 1915, the plaintiff bank sued the defendant corporation for the value of a certain floating pile driver and its equipment which were destroyed in the hurricane that swept over the city of New Orleans in the latter part of the month of September, 1915. At the time of its loss the property was owned by one Wren, plaintiff's assignor, and was in the possession of

plaintiff as lessee. The defendant corporation denied liability, on the ground that the leased property was destroyed by an act of God and not through any negligence on its part. After hearing much testimony on this issue, the court below rendered judgment in favor of the defendant corporation, and the plaintiff bank appealed. The judgment was signed on October 22, 1919, and on November 24, 1919, the transcript of appeal was filed. On November 12, 1923, no motion to advance having been made, the case was reached in this court in due course, and, on October, 15, 1923, was fixed for argument on November 12, 1923. On that day, the case was called, and, not being heard, was continued to the delay docket. Since then nothing further has been done.

The defendant and appellee, on November 15, 1928, filed a motion to dismiss the appeal on the ground that, the plaintiff and appellant having allowed more than 5 years to elapse without having taken any steps in the prosecution of its appeal, the suit is legally presumed to have been abandoned. Plaintiff and appellant has not made any appearance in opposition to the motion, and, for our own part, we think it must prevail.

Civ. Code, art. 3519, as amended and reenacted by Act 107 of 1898, provides as follows, viz.:

"If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened. Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse, without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."

The codal provision applies to suits pending in this court as well as to suits pending in the inferior courts. New Orleans v. New Orleans Jockey Club, 129 La. 64, 55 So. 711. Since the plaintiff and appellant has failed to take any steps in the prosecution of its ap-

peal during 5 years, it must be considered as having abandoned the suit.

For the reasons assigned, the appeal herein is dismissed.