## No. 486

## First Circuit

## ALBANY FARM BUREAU STRAWBERRY GROWERS COOPERATIVE ASSN., INC. v. FARRIS ET AL.

(June 28, 1929. Opinion and Decree.)

Burns & Pierson, of Ponchatoula, attorneys for plaintiff, appellee.

Nicholls Pugh, of Springville, attorney for defendants, appellants.

ELLIOTT, J. The plaintiff and appellee moves to dismiss the appeal herein on the ground that it was taken by motion in open court at a term of court different from that on which the judgment was rendered, and that it has not been cited to appear and answer the appeal.

The minutes of the court show that the appeal was taken at a session of the court on April 13, 1929. The judgment shows that it was read and signed in open court on March 8, 1929. Therefore the appeal could be taken, as was done, under the Code of Practice, art. 573, because it was done at the same term at which the judgment had been rendered, and citation was not necessary. Randolph vs. Sentilles, 110 La. 419, 34 So. 587; Succession of Hoyle, 109 La. 623, 33 So. 625; Jacob vs. Pres-

ton, 31 La. Ann. 515; Act No. 163 of 1898; Const. 1921, art. 7, sec. 43. In State vs. Salmen Brick & Lumber Co., 149 La. 968, 90 So. 273, the judgment had been rendered at one term and the appeal taken at another. The motion to dismiss is overruled.

Albany Farm Bureau Strawberry Growers' Co-operative Association, Inc., claims of Joel Farris and Patrick Cogley in solido $122.74, with interest and attorney's fees on a promissory note for said amount, annexed to and made part of the petition.

The defendants appeared on June 20, 1928, and excepted to plaintiff's demand on the ground that its petition was too vague and indefinite to enable them to answer. The exception was overruled. Defendants made no further appearance, so on September 7, 1928, a judgment by default was entered up against them, and on March 8, 1929, the judgment by default was confirmed. The judgment was read and signed in open court on March 8, 1929.

On April 5, 1929, the defendants appeared and moved the court to set the judgment aside. The gravamen of their complaint is: That their counsel agreed with one of the members of the firm of attorneys representing the plaintiff that, if defendant would consent to the overruling of the exception of vagueness, the plaintiff's attorney would furnish defendant with a detailed and itemized statement of their account with the plaintiff; that their counsel, upon receipt of such information, would file an answer, etc.

That said information was never furnished by the member of the firm of attorneys by whom it was promised to the attorney representing them. That therefore their attorney paid but little attention to the case, which had been defaulted at the time of the agreement.

That the other member of the firm of attorneys representing plaintiff, acting without the knowledge or consent of their attorney; appeared and confirmed said default against them in violation of the agreement which had been entered into by his partner, etc.

The minutes show that defendants offered to prove the charges in their motion by parol evidence, but that the plaintiff objected on three grounds; the second ground being that the testimony was incompetent and inadmissible, because not in writing and not made in presence of the court. The court sustained this objection and refused to hear testimony to prove the alleged verbal agreement entered into between counsel out of the presence of the court.

The action of the court in refusing to hear the parol evidence offered was no doubt based on the Code of Practice, art. 145, and Revised Statutes of 1870, par. 1935. There is no return of the court to that effect, but it seems so reasonable to us that the court, in sustaining the objection, was acting on and enforcing court rules requiring that all agreements of counsel, entered into in the presence of the court, must be entered on the minutes, and all agreements entered into out of the presence of the court to be reduced to writing, that we are satisfied that such was the case. The rules were not offered in evidence, but the court had a right to take cognizance of its own rules.

The court refused to set aside the judgment, but the appeal is not from the action of the court on that subject, but from the judgment of March 8, 1929, confirming the default.

We do not think cause has been shown why the judgment should be set aside.

Judgment affirmed; defendants and appellants to pay the cost in both courts.

MOUTON, J., not participating.