No. 488

First Circuit

GENERAL SECURITIES CO. v. ODOM

(June 28, 1929. Opinion and Decree.)

Burns & Pierson, of Ponchatoula, attorneys for plaintiff, appellee.

Nicholls Pugh, of Springville, attorney for defendant, appellant.

ELLIOTT, J. Plaintiff and appellee moves to dismiss the appeal herein on the ground that it was taken by motion in open court at a term different from that on which the judgment was rendered, and that plaintiff has not been cited to answer the appeal.

The minutes of the court show that the judgment was rendered in open court on March 8, 1929, and that the appeal was taken at a session of the court on April 13, 1929. The appeal could be taken as was done. Code Practice, art. 573. It was taken at the same term at which judgment was rendered, and citation was not necessary. Randolph vs. Sentilles, 110 La. 419, 34 So. 587; Succession of Hoyle, 109 La. 623, 33 So. 625; Jacob vs. Preston, 31 La. Ann. 515; Act No. 163 of 1898, Const. 1921, art. 7, par. 43.

The appellee cites State vs. Salmen Brick & Lumber Co., 149 La. 968, 90 So. 273, and contends that it is governing, but such is

not the case. At the beginning of the opinion it says that the motion to dismiss was based on the fact that the judgment appealed from had been rendered at one term of the court, and that the appeal had been taken at a subsequent term, which differentiates it from Randolph vs. Sentilles, 110 La. 419, 34 So. 587, and from the one with which we are dealing.

The motion to dismiss is overruled.

The suit is on a promissory note for $225, signed by Odom, on which the balance due is alleged to be $180, secured by chattel mortgage on a Willys Knight automobile. Plaintiff alleges that it is the owner and holder of the note, and the same is annexed to and made part of its petition.

The minutes show that on Friday, June 8, 1920, a judgment by default was entered against the defendant.

The case was assigned for trial on motion of the plaintiff on two different occasions after this time, but nothing came of the assignments; the defendant did not make any appearance.

On March 4, 1929, the default was confirmed, and on March 8, 1929, the judgment was read and signed in open court.

The defendant appeared on April 5, 1929, and moved the court to set the judgment aside, assigning as reasons an agreement between his attorney and one of the members of the firm of attorneys representing the plaintiff. He alleges in his motion: That the case was not tried under the first assignment for some reason unknown. That it was not tried under the last one due to the illness of the defendant, and that it was agreed at that time that the case would be tried as soon as possible thereafter.

That his counsel, relying on this agreement, paid no further attention to the matter. That his attorney, subsequently taking up the matter with the other member f the firm of attorneys representing the plaintiff, learned from him that judgment had been rendered against defendant in violation of the agreement, etc. That no default was ever entered against him.

Defendant offered to support his charges by parol evidence, but the plaintiff objected on three grounds; the second being that the parol evidence offered was incompetent and inadmissible, because not in writing nor made in the presence of the court.

The court sustained this objection, and refused to hear parol evidence to prove the alleged verbal agreement entered into between counsel out of the presence of the court.

As for the contention that no preliminary default was entered against the defendant, the minutes show that it had been done.

The action of the court in refusing to hear the parol evidence offered was no doubt based on the Code Practice, art. 145, and Revised Statutes of 1870, par. 1935. There is no return to that effect, but it seems so reasonable to us that the court, in sustaining the objection, was acting on and enforcing court rules requiring that all agreements of counsel entered into, in the presence of the court, must be entered on the minutes, and all entered into out of the presence of the court must be reduced to writing, that we are satisfied that such was the case. The rules of the court were not offered in evidence, but the court had a right to take cognizance of its own rules.

The court refused to set the judgment aside. The appeal, however, is not from the action of the court refusing to set the

confirmation aside; that judgment was never reduced to writing. The appeal is from the judgment of March 8, 1929, confirming the default.

No cause appears to us which justifies setting the confirmation aside.

Judgment affirmed; defendant and appellant to pay the cost in both courts.

MOUTON, J., not participating.