**GOOD ET AL. v. PICONE**

———

(November 30, 1931. Opinion and Decree.)

———

Gordon Boswell and Milo Williams, of New Orleans, attorneys for plaintiffs, appellants.

St. Clair Adams, St. Clair Adams, Jr., of New Orleans, attorneys for defendant, appellee.

## ON MOTION TO DISMISS

JANVIER, J. This matter comes before us on motion to dismiss the appeal for want of prosecution. Suit was filed in the district court on June 2, 1922. Judgment in favor of the defendant was signed on March 7, 1924, and plaintiff secured an order of appeal on August 13, 1924. When the matter appeared on the docket of this court, it was several times continued by preference, and, finally, on November 3, 1926, was continued indefinitely. On November 9, 1931, more than five years after the indefinite continuance referred to, no action having been taken to restore the case to the docket and no other proceeding having been filed in the matter, appellees filed this motion to dismiss.

Article 3519 of the Civil Code of Louisiana, as amended by Act No. 107 of 1898, reads as follows:

"If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption (of prescription) shall be considered as having never happened.

"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."

The Supreme Court, in the matter of Hibernia Bank & Trust Co. v. Zimmerman & Sons, Inc., 167 La. 751, 120 So. 283, 284, held the codal provision above referred to to be applicable to suits pending on appeal, and in that decision is found the following language:

"The codal provision applies to suits pending in this court as well as to suits pending in the inferior courts. New Orleans v. New Orleans Jockey Club, 129 La. 64, 55 So. 711. Since the plaintiff and appellant has failed to take any steps in the prosecution of its appeal during 5

years, it must be considered as having abandoned the suit."

The facts on which that case was dismissed are identical with those which we find presented here, and here, as there, the motion to dismiss was not opposed. See, also, Teutonia Loan & Building Co. v. Connolly, 133 La. 401, 63 So. 63; Losch v. Greco, 173 La. 223, 136 So. 572.

The motion to dismiss is sustained, and the appeal is dismissed at the cost of appellant.