which, in the discretion of the lower court, was refused. He is now applying to this court, under Act No. 29 of 1924, praying that we grant a suspensive appeal.

We are of the opinion that the lower court did not abuse the discretion vested in it in refusing the suspensive appeal; therefore defendant's application is refused.

## COLLINS v. McLEMORE.
### No. 5277.

Court of Appeal of Louisiana. Second Circuit.

March 31, 1936.

On Application for Suspensive Appeal April 3, 1936.

## WALLACE v. MARTIN.
### No. 5216.

Court of Appeal of Louisiana. Second Circuit.

April 3, 1936.

Henry W. Bethard, Jr., of Coushatta, for petitioner.

S. M. Cagle, of Coushatta, for respondent.

PER CURIAM.

PER CURIAM.

Stephens & Gahagan, of Natchitoches, for appellant.

Arthur C. Watson, of Natchitoches, for appellee.

HAMITER, Judge.

This suit was filed in the district court of Natchitoches parish, for the purpose of effecting a partition by licitation of certain real property located in such parish and owned in indivision by plaintiff and defendant. The parishes of Natchitoches and Red River compose the Tenth judicial district in this state.

No appearance having been made by defendant, a preliminary default was entered against her on October 9, 1935, and confirmation thereof and the signing of judgment was had on October 16, 1935.

On October 23, 1935, or seven days after the confirmation of default, defendant interposed an ordinary motion praying that the judgment be set aside, avoided, and annulled, and that she be permitted to file answer to plaintiff's petition. She avers that, according to the rules of the Tenth judicial district court, the second full week in each month is known as "Red River parish week," and that during such period no judgments can be rendered or signed in Natchitoches parish; that the judgment on confirmation herein was rendered and signed in the second full week of the month of October, 1935.

The trial judge sustained the motion, annulled and set aside the judgment previously rendered and signed, and authorized and allowed defendant to file an answer to plaintiff's petition. From this ruling plaintiff has appealed.

■ Counsel for appellee correctly asserts that the district courts are authorized and empowered to enact rules establishing the mode of proceeding before them in all cases not provided by the Code of Practice, provided such are not contrary to the rules therein prescribed. Code Prac. art. 145. Also, that the trial courts can take cognizance of their own rules, regardless of whether or not they were offered in evidence. General Securities Co. v. Odom, 11 La.App. 301, 123 So. 392; Albany Farm Bureau Strawberry Growers' Coop. Ass'n, Inc., v. Farris, 11 La.App. 295, 123 So. 394.

But the serious question presented for determination in this case is whether or not the filing of defendant's motion seven days after the rendering and signing of the judgment is authorized and permitted under the laws and jurisprudence of this state.

Our procedural code, in referring to proceedings in courts of original jurisdiction, provides that definitive judgments may be revised, set aside, or reversed: (1) By a new trial; (2) by appeal; (3) by action of nullity; (4) by rescission. The last-mentioned mode can only be exercised by minors, or persons who were absent when judgment was rendered against them. Code Prac. art. 556.

■ It is obvious that defendant, in attacking the judgment, sought to employ the first mode hereinabove mentioned, for her motion to set aside the judgment was, in effect, one for a new trial. Joyce v. Nona Mills Co., Ltd., 142 La. 934, 77 So. 854.

■ It is well established that a motion for a new trial must be filed within three days after the rendition of the judgment, except in cases where the judgment is not signed. W. L. Pace Piano Co. v. Louisiana Seeburg Piano Co. et al., 154 La. 749, 750, 98 So. 174; Succession of Carraby, 23 La.Ann. 110; Code Prac. art. 558; McClelland v. District Household of Ruth (La.App.) 151 So. 246.

■ The motion in question was filed more than three days after the rendition and signing of the judgment, and, consequently, was improper and should have been rejected. This is true even though the judgment complained of may be an absolute nullity. The First Circuit of this court, in the case of McClelland v. District Household of Ruth, supra, held that the trial court was without authority to set aside a judgment which was obtained on confirmation of default and was obviously an absolute nullity, and to grant a new trial, where three calendar days had expired from the rendition of the judgment when the motion was filed by defendant.

We are not called upon to, and do not, express an opinion on whether or not defendant may legally pursue one of the other modes set forth in article 556 of the Code of Practice.

Accordingly, it is ordered, adjudged, and decreed that the order setting aside plaintiff's judgment and permitting the filing of answer by defendant be annulled and vacated, and that the defendant pay all costs of these proceedings.