The Item Company, Inc., appeals from a judgment dismissing on exception of no cause of action its suit against F.J. De Lerno, doing business as De Lerno's Restaurant.
Plaintiff alleges that it is the successor to all of the rights of a former corporation *Page 646 
known as Item Company, Limited, in a certain contract which that corporation had for the publishing for defendant of certain advertisements in The New Orleans Item, a newspaper formerly published by Item Company, Limited, and now published by the Item Company, Inc., and that under that contract there is due the sum of $217 together with legal interest at 5% and attorney's fees at 20%, as stipulated in the contract in the event of failure of the defendant to pay.
It is alleged that it was also stipulated that these advertisements were to be published for a period of fifty-two consecutive weeks, commencing with the "next" issue, and that De Lerno would pay $3.50 per inch "promptly" on bills to be rendered monthly. The contract was dated January 22d 1941.
It is further alleged that the advertisements were regularly published in accordance with the contract until September 30th, but that defendant failed to make any payments therefor, and there is raised the inference that because of this failure the advertisements were not published after September 30th.
Plaintiff also alleges that although the contract was made by its predecessor, it was assigned to plaintiff on June 27, 1941.
The exception of no cause of action is based on the theory that a contract for the publication of an advertisement in a newspaper is a "personal" one and is, therefore, not assignable. And in support of this theory counsel for exceptor say in their brief that when an advertiser considers the publishing of an advertisement in a newspaper, "he considers the circulation of the publication, the management which governs its Editorial policy, and thus, to some extent, directs the channels into which the publication will go, * * * *".
It is, no doubt, true that an advertiser does consider these things, and that even when the same newspaper is continued by a new and different corporation, there may be changes in the editorial or political or other policies which may depreciate the value of the advertisement to the particular advertiser. Where the same newspaper is continued, it may be that the burden should be on the advertiser, who seeks to avoid the effect of his contract, to show that such changes have occurred and that, as a result, the continued publication of his advertisements will not be desirable. On the other hand it may be that the publisher should be required to show that the change has not affected the advertiser adversely. But even if such a change would give to the advertiser the right to cancel a contract for future advertising, we cannot see that it would give the right to refuse to pay for such advertisements as had been already published prior to the change.
If the allegations in this petition are true — and in considering this exception we must so consider them — these weekly advertisements were published regularly by the same company with which the contract was made from the date of the contract to June 27, 1941. According to the contract the monthly payments for those publications were due and were, therefore, subject to assignment. If so, then the exception of no cause of action may not be maintained because it is well settled that if a petition states a cause of action for any part of the amount claimed, an exception of no cause of action will not lie. See Davis v. Arkansas Southern R. Co., 117 La. 320, 41 So. 587; Legier v. Braughn, 123 La. 463, 49 So. 22; Peoples State Bank v. St. Landry State Bank, 50 La.Ann. 528, 24 So. 14; Good, et al. v. Picone, 18 La.App. 42, 137 So. 870; Central Improvement 
Contracting Co. v. Grasser Contracting Co., 119 La. 263, 44 So. 10. See also 9 Tulane Law Review 31.
Counsel argue, however, that no part of the amount which was stipulated for in the contract was due since the contract was breached by Item Company, Ltd., when it assigned the contract to the Item Company, Inc. The argument is made that the contract must be considered as a whole; as one which provided for a continuous advertising compaign for fifty-two consecutive weeks, and that defendant would not have been willing to enter into it at all except upon the belief that he would receive this continuous service from the company with which he contracted. But the contract requires regular monthly payments and provides that the publishing company may cancel the contract in the event the advertiser fails to make payment promptly on monthly bills to be rendered. So that when the contract was assigned the amounts then due could have been demanded, and the contract could have been cancelled by the Item Company because of the failure of defendant to pay. So it is obvious that we cannot look at this contract as one for which payment is due only in the event of the publication of the entire series of advertisements. Each monthly payment was due when the bill was *Page 647 
rendered, regardless of the continuance of the publication.
There are many other contentions made on behalf of exceptor but none of them may be raised at this time on exception since all of them depend upon facts which do not appear in the petition; for instance, it is argued that though the advertisement was to be published every Sunday, the new company changed the publication date to one of the days of the week. It may be that this could have given the right to refuse to make payment for those publications which appeared after the change was made, but there is nothing in the petition which shows that any such change was made. Since it is obvious that the petition states a cause of action for at least a part of the claim, it necessarily follows that the exception of no cause of action should have been overruled.
It is therefore ordered, adjudged and decreed that the judgment appealed from be, and it is, annulled, avoided and reversed and that the exception of no cause of action be, and it is, overruled, and that this matter be remanded to the Twenty-fourth Judicial District Court for further proceedings, according to law, and consistent with the views herein expressed.
Reversed and remanded.