The appellees have moved to dismiss the appeal herein for the reasons (1) that neither of the defendants or their counsel were present in court when the motion for the appeal was filed and the order entered, and (2) that no citation of appeal was issued or served upon defendants or their counsel.
The judgment appealed from was rendered on January 17, 1946. The minutes of the District Court show that on February 21, 1946, an order of devolutive appeal was granted, returnable to this Court on or before April 4, 1946. There also appears in the record a minute entry of the trial court dated May 13, 1946, in which plaintiff was granted a devolutive appeal to this Court returnable on or before June 24, 1946.
[1] There was no new term of court between January 17, 1946, when the judgment was rendered and May 13, 1946, when the order for appeal was granted. When an appeal is taken in Open Court from a judgment rendered at the same term of Court, there is no necessity for citation on appellee or requirement that appellee's counsel be present or notified. Albany Farm Bureau Strawberry Growers' Co-op. Ass'n, Inc. v. Farris et al., 11 La. App. 295, 123 So. 394.
The motion to dismiss is denied.
Henry Hughes, plaintiff, alleging that he was totally and permanently disabled from doing work of any reasonable character, brought this suit for compensation not exceeding four hundred weeks against H.E. Enloe and his insurance carrier, Employers Mutual Liability Insurance Company of Wisconsin. Defendant Enloe operates a saw mill at Saline in Blenville Parish, and the plaintiff was in his employ as a helper, his duties being to assist with the loading of timber upon trucks. The petition set forth that on January 24, 1945, while performing his duties as an employee of Enloe, in Natchitoches Parish, he met with an accident, in which his right hand and wrist were injured.
The defendant insurance company paid plaintiff compensation at the rate of $13 per week for seventeen weeks. The suit was defended upon the ground that plaintiff is not totally disabled, and that he has received all compensation to which he is entitled.
The District Court found that plaintiff's injuries had not rendered him totally and permanently disabled, and concluded that he suffered a 50% disability to his right hand. Judgment was rendered in plaintiff's favor for 50% of 65% of his weekly wage of $20 for the period of his disability, not to exceed one hundred thirty three weeks from May 30, 1945, the date on which the seventeen weeks of total disability ended. The judgment also allowed plaintiff $48 for the expenses incurred by him. Hughes has appealed from the judgment. Appellees have answered the appeal praying that the disability of plaintiff's hand be fixed at 25% or 35% and further that they be allowed a dollar for dollar credit for the seventeen compensation payments made to Hughes.
There is no dispute that Hughes' employment came within the purview of Act 20 *Page 880 
of 1914, as amended. On the date of the injury a piece of wood had been placed as a scotch under one of the wheels of the truck upon which he was working, and when the truck was ready to be moved the operator could not drive over it; Hughes attempted to pull out the piece of wood and just as he did so the driver started the truck forward and it jerked the wood against Hughes' right hand and fingers and knocked him against the loaded truck.
Plaintiff was taken to Dr. L.M. Joiner at Saline, and was treated for a period of about three weeks. This physician did not testify in the case. Dr. George Robinson at Hodge, Louisiana, next treated Hughes and placed his hand in splints for a period of about eleven weeks. Dr. Robinson did not appear as a witness, but there are in the record several letters written by him to the defendant insurance company, which letters, by agreement of counsel, were admitted as evidence in the case. The letters are to the effect that the doctor had placed Hughes' hand in splints and that the hand had shown some improvement. In the last of the letters, dated May 16, 1945, Dr. Robinson reported that he saw plaintiff on April 23, 1945, and that at that time there was no swelling in his hand, and although plaintiff had been advised to return for further examination, he had not seen plaintiff and, therefore, considered him automatically discharged. In this letter Dr. Robinson stated that he had advised plaintiff to return to work on May 7, 1945.
Hughes paid a visit to Dr. C.R. Reed on June 16, 1945. Dr. Reed was not called as a witness, but there is in evidence a statement issued by him as to his findings of plaintiff's condition. This statement contains the information that plaintiff's hand showed some disability, and that the only treatment besides heat in such a case would be manipulation and massage.
Dr. W.H. Pearson, who appeared as a witness for plaintiff, testified that he made an examination of Hughes about two weeks before the trial; this physician also examined plaintiff's hand during the course of the trial below. Dr. Pearson's major finding was that Hughes is unable to completely flex the fingers of the right hand and that this condition resulted from an injury sustained to the forearm affecting the flexor muscles which control flexation of the fingers. The witness testified that Hughes could extend his fingers about 65% to 70%, but that the limitation of flexation was possibly between 25% and 35%. He explained that this limitation was caused by fibrous tissue which had replaced muscle fibre in the hand, and that such condition would not permit full normal use of the hand.
The defendants called as a witness Dr. R.F. Corkern, who stated that he examined Hughes on September 14, 1945; that his x-rays showed no bone pathology and his opinion was that there was a limitation of the motion of all the fingers, except the thumb, of Hughes' right hand to the extent of about 25%. Dr. Corkern thought this condition would improve with time and usage.
[2] Dr. Pearson, who testified for plaintiff, considered the partial disability at between 25% and 35%, while Dr. Corkern, who testified for defendants, stated that it was 25%. The maximum disability testified to by any doctor was 35% and plaintiff should be allowed the compensation due for a 35% loss of the use of the right hand.
Section 8(d) 5 of the Workmen's Compensation Act, Act No. 242 of 1928, p. 357, provides that for the loss of a hand the injured workman should receive 65% of wages during one hundred fifty weeks.
Section 8(d) 15 of the Act provides as follows:
"In all cases involving a permanent partial loss of the use of function of the member mentioned hereinabove, compensation shall bear such proportion to the amounts named herein for the total loss of such member as the disability to such member bears to the total loss of the member, provided that in no case shall compensation for an injury to a member exceed the compensation payable under this act for the loss of such member."
The defendant insurance company has paid plaintiff compensation for seventeen weeks at the rate of $13 per week. During this period it appears that Hughes was totally disabled. *Page 881 
[3] Hughes was earning, when injured, $20 per week, and since he was paid for the seventeen weeks during which he was totally disabled, he is entitled to judgment for 35% of 65% of his weekly wage of $20 for the remaining one hundred thirty three weeks of the one hundred fifty weeks allowed by Section 8(d) 5 of the Compensation Act. See McClendon v. Louisiana Central Lumber Co., 17 La. App. 246, 135 So. 754.
It is therefore ordered, adjudged and decreed that the amount of the weekly payments set forth in the judgment be amended to read $4.78 per week, and, as amended, the judgment appealed from is affirmed. Costs of appeal to be paid by plaintiff. All other costs to be paid by defendants.